JOHN D. COLLINS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Collins v. Commissioner
Docket No. 5168-78.
United States Tax Court
T.C. Memo 1980-133; 1980 Tax Ct. Memo LEXIS 447; 40 T.C.M. (CCH) 233; T.C.M. (RIA) 80133; April 23, 1980, Filed John D. Collins, Pro Se. John W. Harris, for the respondent. NIMS
MEMORANDUM FINDINGS OF FACT AND OPINION NIMS, Judge: The Commissioner determined the following deficiency in, and additions to, the petitioner's 1974 and 1975 income tax: Additions to Tax Year
Deficiency
[1] 6651(a) 6653(a)
6654
1974
$ 7,462.00
$1,836.00
$373.00
$235.00
1975
9,900.00
1,923.00
495.00
228.00
$17,362.00
$3,759.00
$868.00
$463.00
The only issues to be decided are whether the deficiencies determined by the Commissioner and the additions thereto should be sustained. FINDINGS OF FACT
At the time the petition was filed in this case, petitioner resided in Bakersfield, California. Petitioner filed no Form 1040 for the year 1974. Petitioner filed a Form 1040 for the year 1975 listing wages as "UNDER $2,900.00" that is footnoted "This figure is expressed in Constitutional Dollars of silver and/or gold." The remaining entries on the 1975 Form 1040 consist of zeros, the words "none" and *449 asterisks. A footnote at the bottom indicates that specific objection is made to the asterisked questions "on grounds of the 1st, 4th, 5th, 7th, 8th, 10th, 13th, 14th and 16th amendments." In the notice of deficiency the Commissioner determined that the petitioner received salary and wages of $28,429.00 in 1974 and $34,251.00 in 1975 and the Commissioner allowed one personal exemption and the standard deduction in computing petitioner's tax liability. The Commissioner also determined that petitioner had not filed a return within the meaning of section 6012 and imposed an addition to the tax for each of the years under section 6651(a) for late filing. In addition, he imposed an addition to the tax under section 6653(a) since he determined that at least a part of the underpayment of taxes was due to negligence or intentional disregard of rules and regulations. Finally, the Commissioner determined that the petitioner underpaid his estimated tax for 1974 and 1975 and imposed an addition to the tax under section 6654 for such underpayment. During the trial of this case petitioner was asked whether he wanted to adduce evidence to dispute the deficiency determination of the Commissioner. *450 Petitioner "respectfully [declined] to answer the question on the ground that this could lead to self-incrimination and the Fifth Amendment protects… against this." OPINION
We must decide whether the deficiencies determined by the Commissioner and the additions thereto should be sustained. [2] The burden of proof is, of course, on the petitioner. Rule 142(a), Tax Court Rules of Practice and Procedure; Welch v. Helvering, 290 U.S. 111 (1933). Petitioner offered no evidence to refute the Commissioner's determination. Instead, he claimed that he filed the proper return and that he owes no tax. He rests his argument on various constitutional and other arguments that typify tax protestor cases. Petitioner claims *451 that the Internal Revenue Code is unconstitutional under the First, Fourth and Fifth Amendments and that it is unconstitutional to tax his wages and salary because the currency in which they were received is not backed by gold or silver. These arguments had been raised before and have uniformly been rejected. See Cupp v. Commissioner, 65 T.C. 68 (1975), aff'd. in an unpublished opinion, 559 F. 2d 1207 (3d Cir. 1977); Gajewski v. Commissioner, 67 T.C. 181 (1976), aff'd. in an unpublished opinion, 578 F. 2d 1383 (8th Cir. 1978). The reasoning of these cases need not be recounted here. The petitioner also argues, among other things, that the income tax violates the Declaration of Independence, the Magna Carta, and the Northwest Ordinance. These arguments, on their face, are frivolous. At trial petitioner invoked the Fifth Amendment as the grounds for refusing to put on evidence of refute the Commissioner's determination.There is no evidence indicating that the Commissioner's investigation of petitioner's 1974 and 1975 tax liability has been anything other than an attempt to verify petitioner's civil tax liability. In these circumstances, *452 a claim of the Fifth Amendment or any other constitutional right does not relieve petitioner of his normal burden of proof. Roberts v. Commissioner, 62 T.C. 834, 838 (1974). Petitioner also defended his failure to file a return on rights allegedly imbedded in 18 U.S.C. § 6001, et. seq. These sections of the United States Code set forth the procedures for according "use immunity" to certain witnesses, Tierney v. United States, 409 U.S. 1232 (1972), and thus offer no basis for not disclosing information on returns. Accordingly, we sustain respondent's determination that petitioner received taxable income of $25,679 and $31,201 in the years 1974 and 1975, respectively. It follows that petitioner was required under section 6012 to file a return for the years 1974 and 1975. The Form 1040 that petitioner filed for the year 1975 as well as the Form 1040 attached to the petition that petitioner claims to have filed for 1974 do not qualify as returns within the meaning of the Internal Revenue Code. It is well established that a Form 1040 which does not disclose information sufficient to permit the Commissioner to compute *453 and assess an individual's tax liability does not constitute a return within the meaning of section 6012. Hatfield v. Commissioner, 68 T.C. 895, 898 (1977). Petitioner's constitutional objections do not constitute reasonable cause for not filing proper income tax returns and they also do not relieve petitioner of liability for the negligence penalty. Id at 898. Hence, the additions to tax for failure to file timely income tax returns for the years 1974 and 1975 and for negligence or intentional disregard for the rules and regulations for those same years are hereby sustained. [3]
*454 Petitioner's argument regarding motive is irrelevant to the addition to tax under section 6654 for failure to pay estimated tax. Estate of Ruben v. Commissioner, 33 T.C. 1071 (1960). Respondent's determination that petitioner is liable for the section 6654 penalty is also sustained. [4]
Petitioner raised the statute of limitations as a defense in the form-petition that he filed. However, petitioner's failure to file proper returns means that the statute of limitations is open indefinitely for the years 1974 and 1975 under section 6501(c)(3). We have no doubt that petitioner has received assurance from certain individuals and organizations that his claim is meritorious. We would hope that petitioner was also apprised that his claim would be rejected by the courts. If not, we would expect this Opinion to *455 convince petitioner that he has been receiving some very poor advice and that his arguments are utterly frivolous.Short of that, we want petitioner to be aware that his activities can have more onerous consequences. For example, this Court can and will not hesitate to award damages to the United States under section 6673 when it appears that proceedings before it have been instituted by the taxpayer merely for delay. See Greenberg v. Commissioner, 73 T.C.     (No. 64) (February 7, 1980). As to petitioner, we hope and expect that a word to the wise will be sufficient. More importantly, petitioner should be aware that he is subject to criminal penalties, including imprisonment, for filing the type of returns that he filed. See, for example, United States v. Daly, 481 F. 2d 28 (8th Cir. 1973) and United States v. Porth, 426 F. 2d 519 (10th Cir. 1970). He can also be prosecuted for filing a Form W-4 with his employer that falsely states his exemptions. See, for example, United States v. McDonough, 603 F. 2d 19 (7th Cir. 1979). Finally, there is one other thought that we wish to convey to petitioner; one that was stated *456 by this Court in Hatfield v. Commissioner, 68 T.C. at 899: Many citizens may dislike paying their fair share of taxes; everyone feels that he or she needs the money more than the Government. On the other hand, as Justice Oliver Wendell Holmes so eloquently stated: "Taxes are what we pay for civilized society." Compania de Tobacos v. Collector, 275 U.S. 87, 100 (1927). The greatness of our nation is in no small part due to the willingness of our citizens to honestly and fairly participate in our tax collection system which depends upon self-assessment. Any citizen may resort to the courts whenever he or she in good faith and with a colorable claim desires to challenge the Commissioner's determination; but that does not mean that a citizen may resort to the courts merely to vent his or her anger and attempt symbolically to throw a wrench at the system. Access to the courts depends upon a real and actual wrong--not an imagined wrong--which is susceptible of judicial resolution. General grievances against the policies of the Government, or against the tax system as a whole, are not the types of controversies to be resolved in the courts; Congress *457 is the appropriate body to which such matters should be referred. In view of respondent's concession with respect to the section 6651(a) penalty, Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954 as in effect during the years at issue.↩
2. At the trial, the petitioner argued that he has the right to a jury trial. No such right exists in cases heard in the United States Tax Court. See Cupp v. Commissioner, 65 T.C. 68 (1975), aff'd. in an unpublished opinion, 559 F. 2d 1207 (3d Cir. 1977); Gajewski v. Commissioner, 67 T.C. 181 (1976), aff'd. in an unpublished opinion, 578 F. 2d 1383↩ (8th Cir. 1978).
3. On brief respondent offered to concede that petitioner was liable for a section 6651(a) penalty of 20 percent rather than 25 percent as originally determined because the Form 1040 filed for 1975 was received within five months of the due date of the return and was accepted as a return by the Service Center. While we think it commendable that respondent has endeavored to treat petitioner in a fair manner, we would see no need to reduce the section 6651(a) penalty without respondent's concession. As observed above in the text of this Opinion, the 1975 document clearly was not a return within the meaning of the Code. However, in view of respondent's concession, we reluctantly find that petitioner is liable for a 20 percent, rather than a 25 percent, section 6651(a) penalty for 1975.↩
4. While respondent conceded that petitioner is liable for the section 6651(a) penalty of 20 percent rather than 25 percent, he did not concede that the 1975 document was a return and it clearly was not a return within the meaning of the Code. Therefore, we have jurisdiction over the section 6654 penalty for the year 1975. Cf. section 6659(b)(2).↩