**In re JULY 1979 TERM SPECIAL GRAND JURY.**

**In the Matter of James J. DONOHUE.**

**UNITED STATES of America, Appellee,**

v.

**James J. DONOHUE, Appellant.**

**No. 81–1218.**

United States Court of Appeals, Fourth Circuit.

July 31, 1981.

produce a document relevant to a grand jury investigation. Donohue has filed a motion for release on bail pursuant to § 1826(b) pending review of a petition for writ of certiorari filed July 22, 1981 with the Supreme Court.

Donohue's motion follows a complicated procedural history. The district court entered the contempt order March 17, 1981, but granted a stay pending appeal. The Court of Appeals for the Fourth Circuit affirmed the contempt order. *See United States v. Donohue,* 660 F.2d 493 (4th Cir. 1981). On May 4, 1981, the Court of Appeals denied a motion for a stay pending the filing of a petition for a writ of certiorari with the Supreme Court. On May 12, 1981, Chief Justice Burger denied a similar petition for a stay. The district court then ordered Donohue to report to the custody of the Attorney General on June 1, 1981. Donohue complied. On June 8, 1981, Justice Brennan denied another petition for a stay pending the filing of a petition for a writ of certiorari. With the petition for a writ of certiorari filed, Donohue now seeks bail pending review of the petition. The motion is before me pursuant to F.R.A.P. 27(a), (c).[1]

Section 1826(b) states:

No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay. Any appeal from an order of confinement under this section shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal.

## MEMORANDUM AND ORDER

MURNAGHAN, Circuit Judge.

James J. Donohue, under order of the United States District Court for the District of Maryland, currently is confined for civil contempt in the Metropolitan Correctional Center in New York City pursuant to 28 U.S.C. § 1826(a), because he has failed to

Donohue argues that the section contemplates that bail ordinarily should be granted, unless the appeal is frivolous or taken for delay. Donohue further contends that the issue in his petition for writ of certiorari is substantial, because it presents a question regarding the scope of the Fifth Amendment privilege against self-incrimination left unresolved in *Fisher v. United*

---

**1.** No application for bail was filed with the district court.

*States,* 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976), and in conflict among the circuits. *See, e. g., United States v. Davis,* 636 F.2d 1028 (5th Cir. 1981); *In re Grand Jury Proceedings,* 626 F.2d 1051 (1st Cir. 1980).

■ Donohue's interpretation of § 1826(b) may or may not be correct,[2] but, in either event, two independent factors make bail inappropriate at this time. First, although Donohue's petition for a writ of certiorari presents a potentially serious legal issue, the petition is, nevertheless, frivolous in another sense. To reach the Fifth Amendment issue, the Supreme Court must decline to accept a carefully made factual finding of the district court, affirmed by a panel of the Court of Appeals for the Fourth Circuit, that the document sought is corporate rather than personal.

■ Second, § 1826(b) specifically concerns bail pending appeal, and directs the appellate court to dispose of the appeal within 30 days of filing. If § 1826(b) contemplates a liberal standard for granting bail, it also attempts to minimize the disruptive effect that bail pending appeal has on the district court's contempt power and on the objectives that § 1826 is designed to foster.

There are several significant differences between an appeal and a writ of certiorari in this context. Review of a writ of certiorari virtually without exception takes much longer than 30 days. Whether certiorari will be granted is extremely speculative. And the court that is to decide the bail motion has no control over whether, and, if so, when, there shall be review on the merits. The court cannot minimize the effect of bail on the contempt order. If § 1826(b) provides the appropriate standard, the differences between an appeal and a writ of certiorari should be considered in determining whether an appeal is frivolous or taken for purposes of delay. Here the small possibility of success measured against the effect of delay dictates a conclusion that the appeal is frivolous.

Several courts have held that, when the court cannot decide the *appeal* within 30 days, the court should order release of the contemnor until the appeal is decided. *See, e. g., United States v. Gravel,* 605 F.2d 750 (5th Cir. 1979); *General Counsel v. United States,* 599 F.2d 504 (2d Cir. 1979); *Melickian v. United States,* 547 F.2d 416 (8th Cir. 1977), *cert. denied,* 430 U.S. 986, 97 S.Ct. 1684, 52 L.Ed.2d 381 (1977). Donohue argues that the same procedure should be followed here, but the procedure is inappropriate at this time.[3] If and when certiorari is granted, the outcome may be different.

---

2. In *Tierney v. United States,* 409 U.S. 1232, 93 S.Ct. 17, 34 L.Ed.2d 37 (1972), Justice Douglas, sitting as a single justice, granted bail pending review of a writ of certiorari. Justice Douglas applied the standard in § 1826(b), which he characterized as "bail shall be granted if the issues are not frivolous and if the appeal is not taken for delay." 409 U.S. at 1232–33, 93 S.Ct. at 17–18. In a related case, the Fifth Circuit subsequently questioned this standard, stating that "[s]urely this language [in § 1826(b)] was not intended to set absolute parameters for civil proceedings. Even in appeals from refusal of bail following criminal convictions courts have the right to consider other circumstances." *Beverly v. United States,* 468 F.2d 732, 741 n.13 (5th Cir. 1972). The Fifth Circuit concluded that the proper test was whether the district judge, in denying bail, had committed an abuse of discretion.

3. In *Melickian,* the court said this solution "best reconciles the various interests bound up in the bail issue": the potentially meritorious

contemnor is released until the validity of the contempt citation is affirmed on appeal; the appellate court retains flexibility to consider the appeal fairly and completely; and the contempt order retains some of its coercive force, because the threat and actuality of re-incarceration loom on the horizon. 547 F.2d at 419–20.

The differences between an appeal and a writ of certiorari, however, require a different reconciliation of the interests here. The contemnor's interest is lessened, because the validity of the contempt citation has been affirmed on appeal. Donohue was granted by the district court a stay pending determination of the appeal by the Fourth Circuit, and was not required to surrender to begin the incarceration for civil contempt until June 1, 1981.

The government's interest is significantly heightened as the duration of the delay increases. If a contemnor remains free on bail pending both an appeal and a petition for writ of certiorari, a grand jury's investigation may be seriously hampered. The contemnor, in some circumstances, may be able to outlast (or mate-

The petition for bail is, therefore, DENIED.

rially lessen the time to be served until) a grand jury expiration date. Bail during a possibly extended period pending resolution of the certiorari application may serve unreasonably to minimize the effect the contempt power is designed to achieve.