**In the Matter of GRAND JURY EMPANELLED JANUARY 18, 1982.**

**No. 83–62–MISC–5.**

United States District Court,
E.D. North Carolina,
Raleigh Division.

Oct. 26, 1983.

H. Robert Showers, Jr., Asst. U.S. Atty., Raleigh, N.C., for the government.

Thomas P. McNamara, McNamara & Pipkin, Raleigh, N.C., Gerald A. Feffer, James A. Bruton, Steptoe & Johnson, Washington, D.C., for movant.

ORDER

DUPREE, District Judge.

This matter is before the court on a motion to quash a grand jury subpoena issued to movant, Jacob R. Fishman, M.D.

The subpoena required Dr. Fishman to bring his

    patient medical records, to include patient progress reports, treatment plans, financial records and all related medical

and administrative documentation for in-patient and discharged patients receiving or who have received medical evaluation and/or treatment during the period January 1, 1979 through May 31, 1982, under the Champus Program as Champus beneficiaries from Dr. Jacob R. Fishman, M.D.

Exhibit A, Motion to Quash Grand Jury Subpoena.[1] These records relate to movant's previous medical practice which was conducted as a sole proprietorship. Dr. Fishman has objected to the production of these records on the ground that they are protected under the Fifth Amendment's privilege against self-incrimination. The issue before the court is whether a sole proprietor may be compelled to produce his business records by a documentary summons without infringing upon the Fifth Amendment's proscription against self-incrimination.

In *Boyd v. United States,* 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886), the Supreme Court held that the Fifth Amendment protects "the business records of the sole proprietor or sole practitioner as well as [the] personal documents containing more intimate information about the individual's private life." *Bellis v. United States,* 417 U.S. 85, 87–88, 94 S.Ct. 2179, 2182–83, 40 L.Ed.2d 678 (1974). Although this principle has been reaffirmed often since *Boyd, see Fisher v. United States,* 425 U.S. 391, 408, 96 S.Ct. 1569, 1579, 48 L.Ed.2d 39 (1976) (cases cited), the extent of the privilege since *Fisher* has been in considerable doubt. *In Re July 1979 Term Special Grand Jury,* 656 F.2d 64 (4th Cir.), *cert.*

*denied,* 454 U.S. 964, 102 S.Ct. 504, 70 L.Ed.2d 379 (1981) (comparing *United States v. Davis,* 636 F.2d 1028 (5th Cir.), *cert. denied,* 454 U.S. 862, 102 S.Ct. 320, 70 L.Ed.2d 162 (1981), with *In Re Grand Jury Proceedings United States,* 626 F.2d 1051 (1st Cir.1980)).[2]

*Fisher* involved the compelled production of an accountant's working papers possessed by the taxpayer's attorney. Because resolution of the attorney-client privilege involved inquiry into the client's Fifth Amendment protections, *Fisher v. United States,* 425 U.S. at 405, 96 S.Ct. at 1578, the court undertook a thorough review of the Fifth Amendment's protection. *Fisher v. United States, supra.* Concluding that the Fifth Amendment is not a general protector of privacy rights, but instead, only "protects against 'compelled self-incrimination, not [the disclosure of] private information'", *id.* at 401, 96 S.Ct. at 1576 (quoting *United States v. Nobles,* 422 U.S. 225, 233, 95 S.Ct. 2160, 2167, 45 L.Ed.2d 141 n. 7 (1975)), the court "turn[ed] to the question of what, if any, incriminating testimony within the Fifth Amendment's protection, is compelled by a documentary summons." *Fisher v. United States,* 425 U.S. at 409, 96 S.Ct. at 1580.[3]

The court answered its question thusly: "In the case of a documentary subpoena the only thing compelled is the act of producing the document...." *Id.* at 410 n. 11, 96 S.Ct. at 1580 n. 11. That the documents contain incriminating information, regardless of the author, is irrelevant. 425 U.S. at 410, 96 S.Ct. at 1580.

---

**1.** In lieu of appearing personally, movant was provided the option of turning over the subpoenaed documents to the agent serving the subpoena.

**2.** The Supreme Court has granted certiorari in *Matter of Grand Jury Empanelled March 19, 1980,* 680 F.2d 327 (3d Cir.1982), *cert. granted, United States v. John Doe,* —— U.S. ——, 103 S.Ct. 1890, 77 L.Ed.2d 281 (1983), to resolve some of the doubt that *Fisher* cast on the continued vitality of the *Boyd* principle.

**3.** Although *Fisher* involved material prepared by another and therefore could in no way be considered a declaration of the one asserting the privilege, the court went on to point out that the documents could not in any event be privileged because they were prepared voluntarily; this is so regardless of the preparer. *Fisher v. United States,* 425 U.S. at 410 n. 11, 96 S.Ct. at 1580 n. 11.

Thus, as this court held in *United States v. Braswell*, 436 F.Supp. 669 (E.D.N.C. 1977), the only protection afforded papers by the Fifth Amendment is when the compelled production results in either a tacit admission that the documents are in the possession and control of the movant, or an implicit authentication of their contents. *United States v. Braswell*, 436 F.Supp. at 673; *see also Fisher v. United States*, 425 U.S. at 410, 96 S.Ct. at 1580.

■ Although it is doubtful that admitting the existence or possession of the papers falls within the constitutional protections afforded testimony, *Fisher v. United States*, 425 U.S. at 411, 96 S.Ct. at 1581, this admission certainly is not incriminating. *United States v. Braswell*, 436 F.Supp. at 675. And without this essential element, no protection can be afforded. Moreover, as opposed to a personal diary or other private writing, the documents sought are the movant's business records, the existence of which is virtually a foregone conclusion, adding nothing to the government's store of information. *Fisher v. United States, supra.*

■ Nor does the relinquishment of these records amount to an implicit authentication of their genuineness. In this instance, it is unclear whether the documents were prepared by movant or a third party under movant's direction or control. If the latter, then the one who actually prepared the documents may authenticate their contents. *In Re Grand Jury Proceedings United States*, 626 F.2d 1051 (1st Cir.1980); *United States v. Braswell, supra.* If, on the other hand, the documents were prepared by movant, they must nevertheless be relinquished. This is so because the documents may be authenticated by the use of expert witnesses or other methods of handwriting identification. *United States v. Braswell*, 436 F.Supp. at 674.[4]

Accordingly, movant's motion to quash the subpoena is denied.

SO ORDERED.

---

4. It is only in the limited situation that movant, a doctor, sat down and typed his own records that these other methods of authentication would be unavailing. This, however, is not alleged to be the case. In any event, a grant of immunity has been held to alleviate the Fifth Amendment problems. *In Re Grand Jury Proceedings United States, supra.*