**In re GRAND JURY PROCEEDINGS.**

**Morton GOODMAN, Witness-Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 87–6106.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 21, 1987.

Order Filed July 24, 1987.

Opinion Filed Aug. 17, 1987.

Robert C. Bonner and Ariadne Symons, Los Angeles, Cal., for appellee.

James A. Twitty, Beverly Hills, Cal., for witness-appellant.

Before GOODWIN, REINHARDT and KOZINSKI, Circuit Judges.

PER CURIAM:

On July 16, 1987, Morton Goodman was adjudged in contempt of court for his refusal, despite a grant of use immunity, to answer questions before a federal grand jury. He was ordered confined for the duration of the grand jury investigation pursuant to 28 U.S.C. § 1826(a). Goodman then made an oral application for bail pending appeal. The district court denied the application on the ground that the appeal was frivolous and taken for the purpose of delay. Goodman has appealed the contempt order and now applies to us for bail pending resolution of that appeal. Such applications are governed by 28 U.S.C. § 1826(b) (1982), which provides in pertinent part:

> No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay.

We have never addressed the question of what is the appropriate standard for determining whether bail should be allowed pending appeal of a civil contempt order. *Cf. United States v. Weinberg*, 436 F.2d 416 (9th Cir.1971) (per curiam) (granting bail application without discussing standard). The statute is perfectly clear, however: bail must be denied if the appeal is either frivolous or taken for delay. In reviewing Goodman's application, therefore, we need look no further than the plain language of the statute. *See Valentine v. Mobil Oil Corp.*, 789 F.2d 1388, 1391 (9th Cir.1986).

We review the district court's determination that the appeal is frivolous and taken for the purpose of delay for abuse of discretion. *Beverly v. United States*, 468 F.2d 732, 740 n. 13 (5th Cir.1972).

Goodman raises several issues in his application, none of which appear at this stage to be of sufficient merit to justify overturning the district court's determination of frivolousness. This conclusion is based on our consideration of the applica-

tion, the government's response, and the accompanying documents. We do not foreclose the possibility that we might reach a different result on the merits of the appeal after we have had the benefit of a full briefing of the issues and have reviewed the complete record.

The application for bail pending appeal is DENIED.