**In re GRAND JURY SUBPOENA DATED NOVEMBER 12, 1991.**

**No. FGJ 91–5.**

United States District Court,
S.D. Florida.

Feb. 20, 1992.

Cheryl Bell, Asst. U.S. Atty., S.D. Fla., Miami, Fla., for plaintiff.

Delta Anne Davis, Aubrey B. Harwell, Jr., James G. Thomas, Nashville, Tenn., for defendant.

**ORDER OF CIVIL CONTEMPT
ORDER DENYING BAIL**

MARCUS, District Judge.

THIS CAUSE comes before the Court on David Paul's Motion for Bail pending appeal or a stay of this Court's Order of Commitment.

On February 20, 1992 in open court David Paul was found in contempt of court pursuant to the Recalcitrant Witness Statute, 28 U.S.C. § 1826(a), which provides as follows:

> Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information, including any book, paper, document, record, recording or other material, the court, upon such refusal, or when such refusal is duly brought to its attention, may summarily order his confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No period of such confinement shall exceed the life of
>
> (1) the court proceeding, or
>
> (2) the term of the grand jury, including extensions,
>
> before which such refusal to comply with the court order occurred, but in no event shall such confinement exceed eighteen months.

28 U.S.C. § 1826(a). Mr. Paul has adamantly refused to comply with the orders of this Court to produce for a federal grand jury purely corporate records which he holds as corporate custodian. The finding of contempt was based on Paul's knowing and deliberate refusal to comply with this Court's orders of December 19 and December 23, 1991, and February 7, 1992, to produce clearly corporate documents as demanded by grand jury subpoena directed to Paul in his capacity as CenTrust custodian.

To summarize briefly the history of these proceedings, on December 19, 1991, after two days of hearings and consideration of lengthy *ex parte* testimony and other evidence proffered by both the government and David Paul, this Court denied in part David Paul's motion to quash the grand jury subpoenas directed to him. On that date in court we ordered Paul to produce CenTrust documents in his control or possession in three stages, on January 24, 1992, February 14, 1992 and February 28, 1992. Still other purely corporate doc-

uments were ordered produced on February 28, 1992. On December 23, 1991 this Court entered a brief written ruling memorializing the ruling made in open court, and on February 7, 1992 we entered a lengthy order explicating our ruling and directing Paul's compliance.

Paul's conduct unequivocally evinces knowing and willful disobedience of this Court's orders. On January 3, 1992 Paul filed a Notice of Intent to Resist Compliance in which he indicated he would not obey the Court's orders to produce the corporate documents. The first two dates for production of these documents—January 24 and February 14, 1992—have passed without Paul's compliance. And in open court on February 20, 1992, Paul indicated finally that he would not obey this Court's unambiguous orders. This Court, therefore, adjudicated Paul in civil contempt and ordered him incarcerated until he complies with the aforementioned orders, or for the term of the federal grand jury, whichever shall come earlier. Both the contemnor Paul and the United States agree that incarceration rather than fine is the appropriate sanction in this case.

Having admitted the contumacious nature of his conduct, Paul now moves this Court to stay confinement or for bail.

█ The decision to grant bail is within the discretion of the court, and is reviewed by an appellate court for abuse of discretion. *See In re Grand Jury Proceedings (Kopkowski)*, 819 F.2d 981, 983 (11th Cir. 1987) (per curiam) ("The decision whether to allow bail pending appeal of a civil contempt order is within the sound discretion of the district court.") (citing *Beverly v. United States*, 468 F.2d 732, 740 n. 13 (5th Cir.1972)); *In re Grand Jury Proceedings (Goodman)*, 825 F.2d 224, 224 (9th Cir. 1987) ("We review the district court's determination that the appeal is frivolous and taken for the purpose of delay for abuse of discretion.").

The statute controlling bail on appeal of a contempt ruling, 28 U.S.C. § 1826(b), provides as follows:

No person confined pursuant to subsection (a) of this section shall be admitted to bail pending the determination of an appeal taken by him from the order for his confinement if it appears that the appeal is frivolous or taken for delay....

28 U.S.C. § 1826(b). The statute is phrased in the negative, and by its terms, provides who may *not* be admitted to bail; the language is silent as to who is necessarily entitled to bail. Nonetheless, the Court of Appeals for the District of Columbia and Justice William O. Douglas have read the statute as providing ordinarily an entitlement to bail pending appeal, unless the appeal taken is frivolous or for delay. *See Tierney v. United States*, 409 U.S. 1232, 1232–33, 93 S.Ct. 17, 17–18, 34 L.Ed.2d 37 (Douglas, Circuit Justice 1972) ("The standard for bail in civil contempt proceedings is set forth in 28 U.S.C. § 1826(b) which specifies that bail shall be granted if the issues are not frivolous and if the appeal is not taken for delay."); *Heutsche v. United States*, 414 U.S. 898, 901, 94 S.Ct. 204, 206, 38 L.Ed.2d 140 (1973) (Douglas, J., dissenting) ("The applicable standard for the relief sought is found in 28 U.S.C. § 1826(b), which directs denial only if the issues are frivolous or the appeal is taken for purposes of delay."); *In re Sealed Case*, 794 F.2d 749, 751 (D.C.Cir.), *cert. denied, Pierce v. United States*, 479 U.S. 1021, 107 S.Ct. 679, 93 L.Ed.2d 729 (1986) (stating that under 28 U.S.C. § 1826(b), "bail is granted to a contemnor unless the appeal is either 'frivolous or taken for delay.' "). The Ninth Circuit, however, has read the statute as a limitation on when bail may be granted, and not a command as to when bail must be granted:

We have never addressed the question of what is the appropriate standard for determining whether bail should be allowed pending appeal of a civil contempt order. The statute is perfectly clear, however: bail must be denied if the appeal is either frivolous or taken for delay.

*In re Grand Jury Proceedings (Goodman)*, 825 F.2d at 224 (citations omitted).

The standard for granting bail or stay of confinement has been addressed, however, by the former Fifth Circuit in binding

precedent in *Beverly v. United States*, 468 F.2d 732, 740 n. 13 (5th Cir.1972). The Court held that despite the language in section 1826(b), courts are not limited to considering frivolousness and delay in determining an application from bail. In *Beverly*, the Fifth Circuit discussed a prior, single-sentence order entered in that case on August 18, 1972 in which the appellate court denied a stay of execution of judgment or bail pending appeal. In explicating the August 18 Order, the appellate court stated that insofar as the appellant had desired a stay pursuant to Rule 62 of the Federal Rules of Civil Procedure,

> the petitioner must show the likelihood of his prevailing on the merits on appeal, that he is likely to suffer irreparable injury from the denial of the stay, that the other parties will not be substantially harmed by the grant of stay, and that granting the stay will serve the public interest.

*Beverly*, 468 F.2d at 740 n. 13. The Court found that the district court did not abuse its discretion, and upheld the denial of a stay.

As to the question of bail under 1826(b), the Court of Appeals plainly indicated that whether the appeal is frivolous or for delay are not the only issues raised by a request for bail. The Court observed that subsequent to its August 18 order denying bail, Justice Douglas, sitting alone, entered an order in *Tierney v. United States*, in which he wrote: "The standard for bail in civil contempt proceedings is set forth in 28 U.S.C. § 1826(b) which specifies that bail shall be granted if the issues are not frivolous and if the appeal is not taken for delay." 409 U.S. 1232, 1232–33, 93 S.Ct. at 17–18 (1972) (Douglas, J., Circuit Justice) (*quoted in Beverly*, 468 F.2d at 740 n. 13). Reflecting upon Justice Douglas' ruling, the Fifth Circuit wrote as follows:

> Surely this language was not intended to set absolute parameters for civil proceedings. Even in appeals from refusal of bail following criminal convictions courts have the right to consider other circumstances. *Despite the question which this new ruling raises, we adhere to our holding that the trial court must make*

> *the same attempt to evaluate the likelihood of his own error as he would make in other civil proceedings where he is asked to stay his action pending an appellate review.*

*Beverly*, 468 F.2d at 740 n. 13 (citations omitted) (emphasis added). At a minimum, then, *Beverly* stands for the proposition that in determining bond on appeal, the district court must consider whether the appeal is frivolous, or taken for delay, as well as the contemnor's likelihood of success on the merits, along with the other parts of the test under Rule 62.

We have been unable to find any binding opinion which has overruled *Beverly* on this point. Several three-judge panels of the Eleventh Circuit, in *dicta* however, alluded to the standard embodied in Section 1826(b)—that is, whether the appeal is frivolous or taken for purposes of delay. In *In re Grand Jury Proceedings (Kopkowski)*, the Court of Appeals wrote:

> In addition to challenging the district court's contempt order, Kopkowski claims that the court should have permitted her to remain free on bail during this appeal. The decision whether to allow bail pending appeal of a civil contempt order is within the sound discretion of the district court. *See Beverly v. United States*, 468 F.2d 732, 740 n. 13 (5th Cir. 1972). Here appellant failed to show that her appeal was neither frivolous nor taken for the purpose of delay. 28 U.S.C. § 1826(b). Hence, the Court did not abuse its discretion in denying bail.

819 F.2d 981, 983 (11th Cir.1987) (per curiam). There is no further explanation of the appropriate standard or discussion of *Beverly*.

In the case of *In re Grand Jury Investigation (Heller)*, Judge Anderson wrote, again in *dicta*, as follows:

> 28 U.S.C. § 1826(b), the statute which provides for expedited appeals from contempt orders aimed at recalcitrant witnesses such as Heller, also provides that release pending appeal is proper unless "it appears that the appeal is frivolous or taken for delay."

921 F.2d 1184, 1186 n. 4 (11th Cir.1991). In *Heller* the district court had postponed the confinement of the witness, *see id.* at 1186, and the quoted language is part of a general discussion of why the court had jurisdiction over the matter. *See id.* at 1186 n. 4. In no way was the "frivolous or taken for delay" language of section 1826 at issue.[1]

We believe, then, that the controlling law of this Circuit, taken together with the statutory language, compels us to consider whether Paul's appeal is frivolous or taken for purposes of delay, and that in determining this calculus we are impelled by *Beverly* to include "the likelihood of our own error". *Beverly*, 468 F.2d at 740 n. 13.[2]

---

1. The differences between *Beverly* and Justice Douglas' opinion in *Tierney* have been observed by the Fourth Circuit. *See In re July 1979 Term Special Grand Jury (Donohue)*, 656 F.2d 64 (4th Cir.1981). When the contemnor Donohue argued that section 1826(b) "contemplates that bail ordinarily should be granted, unless the appeal is frivolous or taken for delay," *id.* at 65, that Court noted that "Donohue's interpretation of § 1826(b) may or may not be correct," *id.* at 66, and added a footnote addressing *Beverly*'s criticism of *Tierney*. *Id.* at 66 n. 2. Without staking a position on the debate, the Fourth Circuit found Donohue's appeal clearly frivolous. *Id.* at 66.

2. As the Eleventh Circuit observed in *Beverly*, the Report issued by the House of Representatives on 28 U.S.C. § 1826(b) indicates that the section was "designed to conform" to what was in 1970 Federal Rule of Criminal Procedure 46(a)(2), which dealt with bail pending appeal of a criminal conviction. *Beverly*, 468 F.2d at 740 n. 13; H.Rep. No. 1549, 91st Cong., *reprinted in*, 1970 U.S.Code Cong. & Admin.News 4007, 4022. (stating that Section 1826(b) is "designed to codify the present practice and to conform to the standard set forth in the Federal Rules of Criminal Procedure (rule 46(a)(2)).). *See also In re Sealed Case*, 794 F.2d 749, 751 (D.C.Cir.), *cert. denied, Pierce v. United States*, 479 U.S. 1021, 107 S.Ct. 679, 93 L.Ed.2d 729 (1986) (discussing the conflict between the Senate and House versions of section 1826 as to the proper standard for bail).

The history of Rule 46(a)(2) and its successors is thoroughly discussed in the Ninth Circuit's decision in *United States v. Handy:*

Prior to 1956, Rule VI of the Rules of Criminal Appeal, 292 U.S. 663–64 (1934), allowed for bail only if the appeal presented a "substantial question." The "substantial question" standard was abandoned when the Federal Rules were amended in 1956, *see* Amendment to Fed.R.Crim.P. 46(a)(2), 350 U.S. 1021 (1956). The new standard allowed for bail as long as an appeal presented a question that was not "frivolous." The 1956 amendment "greatly liberalized" the earlier rule. *Ward v. United States*, 76 S.Ct. 1063, 1064–65, 1 L.Ed.2d 25 (1956) (Frankfurter, Circuit Justice). Subsequently the new rule was incorporated in the Bail Reform Act of 1966, 18 U.S.C. § 3146 *et seq.* (1982) (repealed October 23, 1984). In 1984, the more liberal standard was in turn abandoned. In its place Congress once again adopted a "substantial question"

standard, the Bail Reform Act of 1984 reintroduced the stricter standard that had been applicable prior to the adoption, in 1956, of the "frivolous" test.

761 F.2d 1279, 1282–83 (9th Cir.1985). Though the evolution of section 1826 lacks the frequent changes of Rule 46(a)(2) in its standard for bail, comparison to Rule 46(a)(2) and its subsequent forms informs a determination of whether an appeal is frivolous.

The 1956 amendment to Rule 46(a)(2) brought forth to the standard that the House Report indicates was adopted in 28 U.S.C. § 1826(b):

Bail may be allowed pending appeal or certiorari unless it appears that the appeal is frivolous or taken for delay.

Fed.R.Crim.P. 46(a)(2) (1956). In 1957 Judge Bazelon wrote that "the meaning of the word 'frivolous' has crystallized in Supreme Court cases involving admission to bail pending appeal pursuant to Rule 46(a)(2) ..., as well as in that Court's recent decisions on petitions for leave to appeal in forma pauperis." *Hill v. United States*, 248 F.2d 635, 635 (D.C.Cir.1957) (Bazelon, J., dissenting), *vacated*, 356 U.S. 704, 78 S.Ct. 1139, 2 L.Ed.2d 1145 (1958). In so writing, Judge Bazelon cited Justice Frankfurter's opinion sitting as Circuit Justice in *Ward v. United States*, in which the Justice wrote as follows:

The Rule expresses a general attitude, the significance of which is that inasmuch as an appeal from a conviction is a matter of right, the risk of incarceration for a conviction that may be upset is normally to be guarded against by allowing bail unless the appeal is so baseless as to deserve to be condemned as "frivolous" or is sought as a device for mere delay. The Government suggests, however, that there may be considerations other than frivolity or delay, which may conscientiously may move a trial judge to deny bail without disloyalty to the amended Rule. I am bound to say that the Government is rightly cautious in suggesting the extent of the area of discretion that still remains under the amended rule.

76 S.Ct. 1063, 1065, 1 L.Ed.2d 25 (Frankfurter, Circuit Justice 1956).

The 1984 Bail Reform Act injected into the post-conviction bail calculus, among other elements, the question of whether the appeal "raises a substantial question of law or fact likely to result in reversal or an order for a new trial."

We find that the argument advanced by Paul, while not utterly frivolous,[3] is so largely without merit that it can only be said to be taken for purposes of delay.[4] Moreover, when measured by the standard of likelihood of success on the merits, Paul's claim to bail on appeal is patently insufficient. Since the Supreme Court's ruling in *Braswell v. United States*, 487 U.S. 99, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988), we think it is plainly the law that Paul has no right to assert a Fifth Amendment privilege over what are clearly corporate documents which Paul obtained while Chief Executive Officer and Chairman of the Board of the corporation. As detailed in our Order of February 7, Paul's formalistic view of the Fifth Amendment would directly undermine *Braswell*, and would create an obvious haven for those who seek to frustrate the legitimate demands for the production of relevant corporate records made by a grand jury. Notwithstanding the nature and method of production ordered by this Court, Paul has refused to produce any records called for by the grand jury. We observe again that the primary authority relied upon by Paul, *In re Grand Jury Subpoenas Duces Tecum (Saxon)*, 722 F.2d 981 (2d Cir.1983), was decided prior to the Supreme Court's decision in *Braswell*, and that the primary concern of the Second Circuit—that a corporate custodian's act of producing records in

---

18 U.S.C. § 3143(b)(2) (1984). The Eleventh Circuit in *United States v. Giancola* considered the meaning of this provision, and offered guidance in determining whether an question on appeal is "substantial." 754 F.2d 898 (11th Cir. 1985), *cert. denied*, 479 U.S. 1018, 107 S.Ct. 669, 93 L.Ed.2d 721 (1986). The Court observed as follows:

> In short, a "substantial question" is one of more substance than would be necessary to a finding that it was not frivolous. It is a "close" question or one that very well could be decided the other way. Further, there are no blanket categories for what questions do or do not constitute "substantial" ones. Whether a question is "substantial" must be determined on a case by case basis.

*Id.* at 901. The Court also addressed the suggestion that a substantial question is one that lacks controlling precedent:

> We note that an issue may be without controlling precedent largely because that issue is so patently without merit that it has not been found necessary for it to have been resolved. Thus, an issue could well be insubstantial even though one could not point to controlling precedent. Similarly, there might be no precedent in this circuit, but there may also be no real reason to believe that this circuit would depart from unanimous resolution of the issue by other circuits.

*Id.* While it is clear Congress established a more liberal standard for the contemnor seeking bail under the Recalcitrant Witness Statute than for the convicted defendant under the Bail Reform Act of 1984, the Eleventh Circuit's methodology in determining the substantiality of an issue on appeal illuminates our determination.

**3.** The contours of the term "frivolous" have been shaped in other contexts. In *Anders v. California,* the Supreme Court addressed the duty of a court-appointed attorney to prosecute the first appeal from a criminal conviction, once that attorney has concluded that the indigent's appeal lacks merit. 386 U.S. 738, 739, 87 S.Ct. 1396, 1397–98, 18 L.Ed.2d 493 (1967). The Supreme Court concluded that "if counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." *Id.* at 744, 87 S.Ct. at 1400. The Supreme Court wrote that if the court facing such a request "finds any of the legal points *arguable on their merits (and therefore not frivolous)*" it must provide the indigent the assistance of counsel for the appeal. *Id.* (emphasis added). In restating *Anders'* holding, the Supreme Court in *Neitzke v. Williams* later wrote: "There, we stated that an appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" 490 U.S. 319, 325, 109 S.Ct. 1827, 1831–32, 104 L.Ed.2d 338 (1989). In *Neitzke,* the Supreme Court addressed the meaning of "frivolous" in the context of dismissal of complaints *in forma pauperis* pursuant to 28 U.S.C. § 1915(d), and wrote: "By logical extension [of *Neitzke*], a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke,* 490 U.S. at 325, 109 S.Ct. at 1831–32. The Eleventh Circuit, relying upon *Neitzke,* has held that "a district court may dismiss a case for frivolity only when the legal claim is indisputably meritless, the facts are far-fetched or baseless, or both." *Cofield v. Alabama Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir.1991).

**4.** The burden falls to Paul to show that his appeal is not frivolous or taken for delay and that he would likely succeed on the merits. David Paul's Response to the Government's Motion for Order to Show Cause, at 8 ("Of course, the witness carries the burden of making this showing."). The Eleventh Circuit has suggested that this is the proper allocation of burdens. *See In re Grand Jury Proceedings (Kopkowski),* 819 F.2d 981, 984 (11th Cir.1987) (per curiam).

his control could be used against him individually, *see Saxon,* 722 F.2d at 987—has been vitiated by the Supreme Court's ruling in *Braswell* that the government "may make no evidentiary use of the 'individual act' against the individual." *Braswell,* 487 U.S. at 118, 108 S.Ct. at 2295. We add that the grand jury inquiry would surely be slowed considerably if this stay were granted. This interest is underscored by the breadth and significance of the materials subpoenaed. And, we cannot say that granting the stay under these circumstances would serve the public interest.

Accordingly, we hold that while this appeal is not "so baseless as to deserve to be condemned as 'frivolous,'" *Ward,* 76 S.Ct. at 1065 (discussing former Fed.R.Crim.P. 46(a)(2)), taking into account all of the facts and circumstances of the case, including the standards explicated in *Beverly,* and our abiding sense that this appeal is taken for purposes of delay, Mr. Paul's motion for bail pending appeal or a stay of the Order of Commitment should be and is DENIED.

DONE AND ORDERED.