**In the Matter of the Search of 636 SOUTH 66TH TERRACE, KANSAS CITY, KANSAS.**

**No. 91–2011M.**

United States District Court, D. Kansas.

Oct. 8, 1993.

Wyrsch Atwell Mirakian Lee & Hobbs, P.C. by James R. Wyrsch, Stephen G. Mirakian, and Glenn E. Bradford, Kansas City, MO, for Estate of Alden V. Brownlee.

Blackwell, Sanders, Matheny, Weary & Lombardi by James M. Warden, Overland Park, KS, for Conspec Marketing and Mfg., Inc.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

In this controversy surrounding the execution of a search warrant, the court has under consideration the objections of the movants to the report and recommendation of Magistrate Judge Rushfelt concerning the following motions:

(1) Joint Motion for Filing of Search Warrant Affidavit Pursuant to Fed. R.Crim.P. 41(g);

(2) Joint Motion for Return of Property under Fed.R.Crim.P. 41(e).

The movants who are seeking relief are Conspec Marketing and Manufacturing Co., Inc., and the Estate of Alden V. Brownlee, Deceased. Magistrate Judge Rushfelt, in his report and recommendation to the court, has recommended that the court overrule both motions.

The court finds that the proposed findings of fact of the Magistrate Judge are supported by the record, and they are adopted by the court. However, for the reasons set forth in this memorandum and order, the court does not adopt the recommendation of the Magistrate Judge that the motions be overruled.

As a preliminary consideration, the court notes that the Magistrate Judge concluded in his report and recommendation that although the motion to file the search warrant affidavit should be overruled because of the passage of time since the hearing on the motions, the government should be required to file a supplemental affidavit to substantiate the need for continued confidentiality of the affidavit for the search warrant. The Magistrate Judge recommended that if the government fails to file such a supplemental affidavit, the motion for filing the search warrant affidavit should be sustained. It does not appear from the record before the court that the government has filed any supplemental affidavit. Consequently, pursuant to the report and recommendation of the Magistrate Judge, the affidavit for the search warrant in this matter should be unsealed.

■ In his report and recommendation, the Magistrate Judge notes that in the Joint Motion for Return of Property under Fed. R.Crim.P. 41(e), movants seek an order for return of the property seized under the search warrant and an order to suppress all evidence derived from the search. The Magistrate Judge overruled as premature that part of the motion which seeks suppression of evidence. That recommendation of the Magistrate Judge is adopted by the court. Under Rule 41(e) a motion for the return of property is to be treated as a motion to suppress only after an indictment or information is filed.

The court does not otherwise adopt the Magistrate Judge's recommendation that the court overrule the Joint Motion for Return of Property under Fed.R.Crim.P. 41(e).

■ In the proceedings before the Magistrate Judge the movants Conspec contended that it is entitled to the return of all property seized because the seizure caused it to suffer irreparable harm on account of the government's seizure of materials containing trade secrets and attorney-client communications. The government's response was that Conspec failed to show irreparable injury and the lack of an adequate remedy at law, and thus that the court is unable to exercise the necessary equitable jurisdiction to order the return of movants' property pursuant to Fed.R.Crim.P. 41(e). The Magistrate Judge concluded, and this court agrees, that a Rule 41(e) motion will be dismissed for want of equity if the moving party has an adequate remedy otherwise or cannot show irreparable injury. Wright and Miller, *Federal Practice and Procedure* § 673 (West, 1982).

The Magistrate Judge's decision to overrule the motion to return property seized was based on a finding that the movants had not made the required showing of irreparable harm necessary for Rule 41(e) jurisdiction

dictated by *Floyd v. United States*, 860 F.2d 999 (10th Cir.1988). This conclusion appears to have been based upon a determination by the Magistrate Judge that neither attorney-client communications nor materials containing trade secrets are immune from search and seizure. The court is of the opinion that the Magistrate Judge's determination concerning the issue of attorney-client communications is clearly erroneous. In view of this court's conclusion with respect to attorney-client communications, it is unnecessary to discuss the trade secrets issue.

■ As stated above, this court agrees with the Magistrate Judge that jurisdiction over a Rule 41(e) motion is governed by equitable principles, and that a movant must have no adequate remedy at law or show irreparable injury. Entertaining such a motion pre-indictment is an exercise of equitable jurisdiction which should be undertaken with caution and restraint. *In the Matter of Search of Kitty's East*, 905 F.2d 1367, 1370 (10th Cir.1990); *Blinder, Robinson & Co., Inc. v. United States*, 897 F.2d 1549, 1556 (10th Cir.1990); *Floyd*, 860 F.2d at 1002.

The court does not agree with the Magistrate Judge's conclusion that attorney-client communications are not immune from search and seizure, and that the privilege protecting those matters from disclosure "operates in the realm of discovery and trial procedure, after a complaint is filed." This court believes that the attorney-client privilege is clearly applicable in the search warrant context. *Fisher v. United States*, 425 U.S. 391, 96 S.Ct. 1569, 48 L.Ed.2d 39 (1976); *Tierney v. United States*, 409 U.S. 1232, 93 S.Ct. 17, 34 L.Ed.2d 37 (1972); *Klitzman, Klitzman and Gallagher v. Krut*, 744 F.2d 955 (3rd Cir.1984). *See also, In re Impounded Case*, 879 F.2d 1211, 1213 (3rd Cir.1989); *Marc Rich and Co. v. United States*, 731 F.2d 1032, 1037 (2d Cir.1984); *In re Berkley and Company, Inc.*, 629 F.2d 548, 550 (8th Cir.1980). This court also concludes that an invasion of the attorney-client privilege through a search and seizure generates an irreparable injury to the possessor of the privilege—in this case the movants.

■ The irreparable harm required for the exercise of the court's equity jurisdiction refers to circumstances where a Rule 41(e) movant cannot wait for the relief which might be afforded by a legal remedy. *Floyd*, 860 F.2d at 1005. The threat of imminent criminal prosecution is not irreparable harm. *Blinder, Robinson*, 897 F.2d at 1557. The Tenth Circuit has held that the postponement or denial of First Amendment rights may constitute irreparable injury justifying the exercise of equitable jurisdiction. *Search of Kitty's East*, 905 F.2d at 1371. This court believes that the invasion of the attorney-client privilege now before the court presents an analogous situation. The seizure of materials protected by the attorney-client privilege in this case gives rise to irreparable injury to the movants. The basis of the attorney-client privilege is to protect confidential communications between client and attorney. If the privileged communications materials are permitted to remain in the hands of the government it is apparent to the court that any confidentiality of the communications involved may well be lost, and the movants will be effectively denied the protection of the privilege. Once lost, confidentiality cannot be restored. Movants have no other remedy, and their injury is irreparable. Thus the court concludes that the exercise of equitable jurisdiction is justified in this case.

■ Once the equitable jurisdiction of the court is established, Rule 41(e) requires the showing only of an illegal seizure. *Floyd*, 860 F.2d at 1003. A seizure which grossly exceeds the scope of a search warrant transforms it into a general warrant, thereby requiring suppression of all evidence seized under that warrant. *United States v. Medlin*, 842 F.2d 1194, 1199 (10th Cir.1988). Findings of fact Nos. 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, and 20 made by the Magistrate Judge, which this court approves and adopts, satisfy the court that the seizure in question grossly exceeded the scope of the search warrant. Accordingly, the motion under Fed.R.Crim.P. 41(e) is granted, and all property seized under the warrant must be returned to the movants.

IT IS, THEREFORE, BY THE COURT ORDERED, that the report and recommendation of the Magistrate Judge in this matter

is adopted in part and modified in part, as explained above.

IT IS BY THE COURT FURTHER OR-DERED, that the Joint Motion for Filing of Search Warrant Affidavit Pursuant to Fed. R.Crim.P. 41(g) is granted, and the search warrant affidavit is ordered to be unsealed.

IT IS BY THE COURT FURTHER OR-DERED, that the Joint Motion for Return of Property Under Fed.R.Crim.P. 41(e) is granted, and all property seized upon the execution of the search warrant in this matter on April 3, 1991, by agents of the United States Department of Defense is hereby ordered to be returned to the movants forthwith, but the same is not suppressed as evidence.

**IT IS SO ORDERED.**