**In re GRAND JURY PROCEEDINGS.**

**UNITED STATES of America, Appellee,**

v.

**Frank MARTIN, Appellant.**

No. 76–2877
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Sept. 9, 1976.
Rehearing and Rehearing En Banc
Denied Oct. 19, 1976.

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409. Part I.

Joel Hirschhorn, Angus M. Stevens, Jr., Miami, Fla., for appellant.

Robert W. Rust, U. S. Atty., Gary L. Betz, Special Atty., U. S. Dept. of Justice, Miami, Fla., for appellee.

Before CLARK, TJOFLAT and HILL, Circuit Judges.

PER CURIAM:

Appellant was a witness subpoenaed to appear before a federal Grand Jury in the Southern District of Florida. On May 4, 1976, he appeared before the Grand Jury and declined to answer questions based upon privileges guaranteed him by the Fourth and Fifth Amendments to the United States Constitution. He was thereupon brought before a district judge and granted "use" immunity pursuant to the provisions of 18 U.S.C.A. § 6002. Thereafter, appel-lant returned to the Grand Jury and refused to answer the questions posed to him.

After this refusal the United States filed a motion to have appellant declared a recalcitrant witness [1] and committed to the custody of the United States Marshal until such time as he was willing to give the testimony requested. In his response to the government's motion appellant gave as his reason for continued invocation of his Fifth Amendment privilege that because of a failing memory, he was afraid that truthful, but inconsistent, statements might be extracted from him, thus subjecting him to the likelihood of a perjury prosecution. On June 24, 1976, appellant was declared a recalcitrant witness and ordered committed to the custody of the United States Marshal until such time as he gave the requested testimony provided that the confinement should not exceed the life of the Grand Jury or eighteen (18) months. On July 1, 1976, appellant was released on bail pending appeal to this court.

The issue presented is whether or not a witness subpoenaed to testify before a federal Grand Jury, who claims mental and/or physical impairments is entitled, prior to testifying, to a determination of his competency by the court on his own motion as a matter of due process of law. Since we answer this question in the negative, appellant's commitment must be affirmed.

Due to his mental and/or physical impairments which have allegedly deprived him of his ability to retrieve, recollect and articulate ancient facts by virtue of the aging process, appellant asserts that subjecting him to the possibility of perjury or obstruction of justice charges being brought against him is a denial of fundamental fairness guaranteed by the due process clause. We must conclude, however, that appellant's attack on his mental capacity is premature. All that is required of a witness before a Grand Jury is that he testify truthfully. The Grand Jury members then weigh the credibility of a given witness and act accordingly.

---

1. See 28 U.S.C.A. § 1826.

The appellant's assertion that he is entitled to a determination of his competency prior to testifying before the Grand Jury because he is afraid that he may later be charged with perjury or obstruction of justice is not grounds for relief. All citizens (with statutory exceptions) are required to answer detailed questions on tax returns. There may be defenses against charges of unsatisfactory answers, but the court is not under a duty to hear and determine such proffered defenses *before the tax returns are filed* on the chance that uncertain recollection, lost or misplaced records, or other misfortunes might justify the taxpayer if, indeed, he submits false information. *See United States v. Knox,* 396 U.S. 77, 90 S.Ct. 363, 24 L.Ed.2d 275 (1969). The apparent offense may never be committed. Presumably the taxpayer and this appellant will obey the law. What is required of appellant is no different from that required of all citizens. He must conduct himself within the law to the best of his ability. This includes the requirement that he testify truthfully before a Grand Jury. If criminal charges should emanate from these proceedings, there will be ample opportunity for the appellant to demonstrate any lack of mental capacity, failing memory, etc.

Appellant relies upon *Bursey v. United States,* 466 F.2d 1059 (9th Cir. 1972), and *In re Loughran,* 276 F.Supp. 393 (C.D.Cal. 1967), to support his position. In *Bursey* the court held that fundamental fairness requires that a Grand Jury witness be given some protection from the risks confronted by repetitious questions. The court's answer was to permit the witness to inspect his recorded testimony previously given before the Grand Jury. In *In re Loughran on the motion of government counsel* a witness appearing before the Grand Jury was ordered examined by a psychiatrist to determine whether or not she was capable of answering questions and able to understand the proceedings. These cases do not support the appellant's contention that he is entitled under the due process clause to a determination of his competency prior to testifying before the Grand Jury.

For these reasons the decision of the district court is

AFFIRMED.