**In re William F. POUTRE, Appellant.**

**No. 79–1199.**

United States Court of Appeals,
First Circuit.

Argued June 8, 1979.

Decided July 17, 1979.

Francis J. DiMento, Boston, Mass., with whom DiMento & Sullivan, Boston, Mass., was on brief, for appellant.

Charles E. Chase, Asst. U. S. Atty., Boston, Mass., with whom Edward F. Harrington, U. S. Atty., Boston, Mass., was on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

COFFIN, Chief Judge.

This is an appeal from an order of the district court finding appellant in contempt as a recalcitrant witness before a grand jury, 28 U.S.C. § 1826. The court's order of confinement has been stayed pending disposition of this appeal.

Pursuant to an investigation by the Internal Revenue Service of one Petruzziello, appellant was interviewed seven times by government agents concerning his knowl-

edge of and involvement in Petruzziello's business dealings. These interviews resulted in a four count indictment against appellant for making false statements to government agents in violation of 18 U.S.C. § 1001. Although a jury acquitted him of three of those counts, it found him guilty of making a false statement concerning a check made out to him which allegedly was involved in a transfer of an automobile to Petruzziello. Appellant received a one year suspended sentence and was placed on probation for one year.

■ A subpoena to appear before the grand jury immediately was then delivered to him. According to appellant, he was informed that the grand jury sought his testimony concerning the same matters that were the subject of his § 1001 trial, in particular, information relating to that aspect of the case which resulted in conviction—the transfer of an automobile to Petruzziello. Appellant appeared before the grand jury but refused to testify, invoking his Fifth Amendment privilege against self-incrimination. Granted immunity pursuant to 18 U.S.C. § 6002, he nevertheless refused to testify and subsequently was found in contempt.

Appellant argues that it is fundamentally unfair to compel him to relate his version of events to a grand jury when that version already has been adjudged to be false, as evidenced by his conviction under 18 U.S.C. § 1001. He describes his dilemma as follows: "If [he] were to testify as he sees the truth, he exposes himself to a second conviction, this time for perjury. If he testifies as he understands the Government to see the truth, [he] will in fact commit perjury and again expose himself to a conviction for perjury because his understanding of the Government's perception of the truth may be imperfect." Considering his situation a unique one, he asks this court to fashion a remedy based on due process which would insulate him from the grand jury's inquiry.

■ We cannot agree that appellant has been placed in a posture which is materially different from that of many other grand jury witnesses whose testimony is compelled under a grant of immunity. As appellant appears to recognize, a witness cannot refuse to testify simply because he believes, no matter how fervently, that his perception of the truth differs from that of the grand jury and that his perception is the correct one. Such a proposition would frustrate completely the investigative function of the grand jury and would involve the court in the wholly inappropriate and virtually impossible task of probing the witness's veracity and sincerity before he has testified and of speculating about how that testimony will square with what is at this stage a complete unknown—the information possessed by the grand jury and the conclusions that it eventually will draw.

Appellant's situation is not made unique by the fact that he has been convicted of a crime which involved a determination of his veracity. It is not unusual for witnesses who previously have been convicted of a crime to be called upon to testify before the grand jury concerning the matters which gave rise to the conviction. In some of these cases, the substance of the crime directly put in issue the defendant's truthfulness; in others, a judge or jury nonetheless passed on and rejected the defendant's version of events. See, e.g., United States v. Frumento, 552 F.2d 534 (3d Cir. 1977) (en banc) (submitting false income tax returns and racketeering); In re Grand Jury Proceedings, 509 F.2d 1349, 1350 (5th Cir. 1975) (defendant pleaded guilty to intent to defraud by passing counterfeit bills); In re Liddy, 165 U.S.App.D.C. 254, 506 F.2d 1293, 1300 (1974) (en banc) (conspiracy, burglary, illegal interception of oral and written communications); United States v. Kelly, 464 F.2d 709, 710 (5th Cir. 1972) (unlawful interception of wire communications). Once granted immunity, the witness was required to testify before the grand jury, aware, as is appellant, that one tribunal already has found his testimony or defense wanting, and subject to the principle that neither the Fifth Amendment nor a grant of immunity shields a witness from a prosecution for perjured testimony before the

grand jury. *United States v. Mandujano,* 425 U.S. 564, 576, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976).

Appellant protests that "a person with an honest but mistaken perception of the truth (or a perception that merely conflicts with the Government's evidence) should [not] be exposed *ad infinitum* to successive convictions for false statements or perjury." While a court will not countenance the government's impermissible use of a grand jury, such as calling a witness for the sole purpose of extracting perjury for which to indict him, *Brown v. United States,* 245 F.2d 549, 555 (8th Cir. 1957), or subjecting a witness to repetitious questioning "to coax [him] into the commission of perjury or contempt", *Bursey v. United States,* 466 F.2d 1059, 1078–79 & n. 10 (9th Cir. 1972); *see United States v. Williams,* 552 F.2d 226, 228 (8th Cir. 1977); *Gebhard v. United States,* 422 F.2d 281, 289–90 (9th Cir. 1970), there has been no indication here of an abuse of the grand jury process. *See United States v. Chevoor,* 526 F.2d 178, 185 (1st Cir. 1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1665, 48 L.Ed.2d 176 (1976). Appellant has not been and we have no reason to expect that he will be subjected to prosecutions and convictions "*ad infinitum*". He has been convicted once and called before the grand jury once; at this point even a *single* perjury prosecution for his testimony before the grand jury is conjectural. *See generally In re Bonk,* 527 F.2d 120, 125 (7th Cir. 1975). Furthermore, this is not a situation in which a witness, by responding truthfully to a grand jury and thereby contradicting earlier responses, could make more likely a prosecution for the prior false statements. *See United States v. Housand,* 550 F.2d 818, 823 (2d Cir. 1977); *United States v. Chevoor,* 526 F.2d 178, 180 (1st Cir. 1975), *cert. denied,* 425 U.S. 935, 96 S.Ct. 1665, 48 L.Ed.2d 176 (1976). Appellant already has been convicted for making false statements to Internal Revenue Service agents in violation of 18 U.S.C. § 1001, and of course cannot be prosecuted again for those earlier statements.*

Protected by a grant of immunity coextensive with his rights guaranteed by the Fifth Amendment, appellant faced the "alternatives of perjury or telling the truth". *United States v. Chevoor, supra,* 526 F.2d at 182. These choices "and the third alternative of risking contempt through silence, confronted [him] no [differently] than the average citizen called before the grand jury." *Id.* at 185. Appellant chose that alternative and as the district court properly found, placed himself in contempt.

*The judgment below is affirmed.*

---

\* Appellant paints too stark a picture of his plight should he adhere to his earlier statements and be prosecuted for perjury before the grand jury. The government cannot convict him simply on the basis that his "testimony conflicts with the Government's evidence". The govern-

ment also must prove that the witness knew that his statements were false. 18 U.S.C. § 1623; *see United States v. Kelly,* 540 F.2d 990 (9th Cir. 1976), *cert. denied,* 429 U.S. 1040, 97 S.Ct. 738, 50 L.Ed.2d 751 (1977).