**In re GRAND JURY PROCEEDINGS.**

**Appeal of Lynda KOPKOWSKI.**

No. 87–5383
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

May 29, 1987.

Frank J. Petrella, Atlanta, Ga., for appellant.

J. Brian McCormick, Asst. U.S. Atty., Miami Strike Force, Miami, Fla., for appellee.

Before HILL, VANCE and KRAVITCH, Circuit Judges.

PER CURIAM:

Lynda Kopkowski brings this expedited appeal challenging her confinement for refusing to testify before a grand jury. *See* 28 U.S.C. § 1826. We affirm.

The appeal arises out of a current grand jury investigation into drug smuggling activities in Florida. In March 1987, a grand jury in Fort Lauderdale issued a subpoena for the appearance of Kopkowski. Kopkowski recently had completed a prison sentence imposed in November 1986 after she pleaded guilty in the Northern District of Georgia to one count of conspiracy to possess marijuana with intent to distribute. In entering her plea, appellant did not admit participation in the conspiracy, *see North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); she instead informed the court that she was pleading guilty in order to limit her own exposure should she be convicted and to enable her boyfriend to plead guilty, as the prosecution had negotiated a plea agreement that was contingent on guilty pleas from all six individuals indicted as co-conspirators.

After receiving the March subpoena, Kopkowski informed the Florida prosecutors that she would not testify voluntarily. The prosecutors subsequently obtained for Kopkowski an order of immunity. They also informed Kopkowski that neither she nor her boyfriend were targets of the grand jury investigation and that any evidence she disclosed would not be used against either of them. The prosecutors indicated that the focus of the grand jury was to obtain information concerning the relationship between Kopkowski's boyfriend and several individuals who were targets.

Prior to her scheduled grand jury appearance, Kopkowski conferred with a prosecutor regarding the substance of her testimony. At this conference, Kopkowski indicated that she would testify that she had not been intimately involved in the Georgia conspiracy for which she had pleaded guilty. The prosecutor told Kopkowski that he did not believe her, as other grand jury witnesses had contradicted her version of the story. He informed Kopkowski that if she told the same story to the grand jury he would seek perjury charges against her.

Kopkowski later informed the prosecutor that she would not testify if brought before the grand jury. After the parties stipulated that Kopkowski would not testify, the

district court, on April 20, held a civil contempt hearing. At the hearing, Kopkowski contended that her fifth amendment right of due process would be violated if she was forced to appear before the grand jury after the prosecutor had announced his intention to seek a perjury indictment if she gave certain testimony that she considered truthful. She further contended that if she was willing to modify the story she originally told the prosecutor, she then would be subject to prosecution under 18 U.S.C. § 1001 for giving a false statement during the conference with the prosecutor.

The district court rejected Kopkowski's contentions and ordered her to testify. Kopkowski, however, refused to testify when brought before the grand jury on May 1. After conducting another hearing, the district court found Kopkowski in contempt and, pursuant to 28 U.S.C. § 1826, ordered her taken into custody until she agreed to testify or until the expiration of the grand jury term. The court also denied Kopkowski bond while she pursued this expedited appeal of the contempt order.

 We conclude for reasons similar to those stated in *In re Poutre*, 602 F.2d 1004 (1st Cir.1979), that the district court properly held Kopkowski in contempt for refusing to testify. In *Poutre*, an individual was subpoenaed to testify before a grand jury about matters that were the subject of his previous conviction for making a false statement to a government official. The witness contended that it was fundamentally unfair to subject him to the possibility of a perjury charge by forcing him to relate his version of the events in question when that version previously had been adjudged to be false. The court there recognized, however, that adoption of such a claim "would frustrate completely the investigative function of the grand jury and would involve the court in the wholly inappropriate and virtually impossible task of probing the witness's veracity and sincerity before he has testified." *Id.* at 1005. Here, similarly, adoption of Kopkowski's

argument either would require the court to make this unfeasible determination of veracity, or it would provide practically all potential grand jury witnesses with a foolproof escape from testifying simply by claiming that the grand jury or a prosecutor might disagree with their version of the truth. *Cf. In re Grand Jury Proceedings (Martin)*, 539 F.2d 382, 384 (5th Cir.1976) (discussing asserted entitlement to competency determination prior to grand jury testimony).[1] Neither of these options is tenable. Here, as in *Poutre*, there is no indication that the grand jury process has been abused by, for example, seeking testimony from Kopkowski solely for the purpose of having her commit perjury. *See Brown v. United States*, 245 F.2d 549, 555 (8th Cir.1957). Nor, contrary to Kopkowski's contentions, could her testimony given under immunity subject her to prosecution for her previous statements to the prosecutor. *See In re Grand Jury Proceedings (Taylor)*, 509 F.2d 1349, 1351 (5th Cir.1975) (testimony given under use immunity " 'could not be used against [the witness] in any prosecution for any false statements made to anyone outside of the grand jury' ") (*quoting United States v. Alter*, 482 F.2d 1016, 1028 (9th Cir.1973)).

Having been granted immunity against the use of her testimony in a prosecution against her, Kopkowski had the choice either of telling the truth, committing perjury, or "risking contempt through silence." *Poutre*, 602 F.2d at 1006. There being here no "just cause shown" for the refusal to testify, *see* 28 U.S.C. § 1826, the district court did not err in holding her to those alternatives.

 In addition to challenging the district court's contempt order, Kopkowski claims that the court should have permitted her to remain free on bail during this appeal. The decision whether to allow bail pending appeal of a civil contempt order is within the sound discretion of the district court. *See Beverly v. United States*, 468 F.2d 732, 740 n. 13 (5th Cir.1972). Here

---

1. The Eleventh Circuit, in the en banc decision *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

**984**

appellant failed to show that her appeal was neither frivolous nor taken for the purpose of delay. 28 U.S.C. § 1826(b). Hence, the court did not abuse its discretion in denying bail.

The order of the district court is AFFIRMED.