### In re GRAND JURY INVESTIGATIONS.

#### No. 95–1548.

United States Court of Appeals, Eighth Circuit.

March 16, 1995.

Larry Hale, St. Louis, Missouri, argued, for appellant.

James G. Martin, Asst. U.S. Atty., St. Louis, Missouri, argued, for appellee.

Before the court is an application for release on bond pending appeal from orders of the district court finding appellant in con-

tempt and remanding her into custody. Appellant was subpoenaed by the government to testify before a grand jury, but she asserted the marital privilege (the apparent target of investigation is her husband). The court granted the government's motion to compel her testimony after a hearing at which the court ruled the privilege did not apply. The government moved for a contempt order after appellant again refused to testify. The district court held an additional hearing and then adjudged appellant in contempt. It denied a motion for release on bond pending appeal, finding that the ground asserted for appeal was frivolous, and ordered appellant confined. At her request the district court stayed the order for 48 hours.

Appellant immediately filed a notice of appeal and applied to this court for release on bond pending resolution of the appeal. Enforcement of the confinement order was temporarily stayed to allow oral argument on the application, at which an accelerated briefing schedule was established for the merits of the appeal so that it could be processed within the statutory time period. *See* 28 U.S.C. § 1826(b).

 Congress has provided a means of compelling the grand jury testimony of a reluctant witness in 28 U.S.C. § 1826(a), which allows the court to order confinement when a witness refuses without just cause to comply with an order to testify. A recalcitrant witness is not permitted release on bond pending appeal of a confinement order if "it appears that the appeal is frivolous or taken for delay." 28 U.S.C. § 1826(b). The standard of review for a district court's denial of bail and finding that an appeal is frivolous is whether it abused its discretion.[1] *In re Grand Jury Proceedings*, 825 F.2d 224, 224 (9th Cir.1987); *In re Grand Jury Proceedings*, 819 F.2d 981, 983 (11th Cir.1987); *Beverly v. United States*, 468 F.2d 732, 740 n. 13 (5th Cir.1972).

---

1. Appellant asserted at oral argument that the appropriate standard for considering her application for release pending appeal is the four factor test for determining whether a judgment should be stayed. *See* Fed.R.App.P. 8; *Hilton v. Braunskill*, 481 U.S. 770, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987). Section 1826(b) sets a specific standard to be considered when a recalcitrant witness appeals an order of confinement, however. In any event the result would be the same on consideration of the four factors.

■ Evidence presented at the hearing in the district court on the government's motion to compel appellant's testimony indicated that she and her husband have been married since 1967. They separated for a year in the early 1970s, and again in June 1993. Appellant met with an attorney about obtaining a divorce in the summer of 1994. Shortly thereafter, she was advised by the government that it would seek her testimony in the grand jury investigation. She claimed marital privilege, and the government responded that no privilege existed because appellant and her husband were permanently separated. Counsel for appellant then informed the government that the couple was attempting to reconcile. At the hearing appellant and her husband both testified that the reconciliation attempt was unsuccessful. Their testimony was inconsistent, however, and was also contradicted by other evidence in the record, including the grand jury transcript of a woman who testified about a long term affair with the husband.

The district court considered the evidence presented and the demeanor of the witnesses and found that the testimony concerning reconciliation was not credible and that the marriage was not vital. It concluded that appellant could not assert a marital privilege concerning communications made after the couple separated in June 1993. It granted her use immunity and ordered her to testify. Shortly thereafter she again asserted marital privilege before the grand jury, and the government moved for the contempt order. After a hearing the court granted the motion and denied appellant's motion for bond, finding the appeal was frivolous.

There is substantial support in the record for the factual findings made by the district court. Appellant argues that the court only made a specific credibility finding about the separation testimony of the husband and wife, but review of the transcript of the hearing indicates that the court based its findings about credibility and the ultimate issue on all the evidence adduced. It was not required to comment on each statement in the testimony. The court's conclusion that the appeal was frivolous was not an abuse of discretion.

Accordingly, appellant is not entitled to bond pending appeal under 28 U.S.C. § 1826(b), and her application is denied. The temporary stay of the district court's order of confinement is dissolved.[2]

---

2. The motion of the government for reconsideration of the temporary stay is dismissed as moot.