_____

No. 96-3345
_____

```
In Re:  GRAND JURY SUBPOENA        *
                                   *
-----------------------------      *
                                   *
United States of America,          *
                                   *
      Appellee,                    *   Appeal from the United States
                                   *   District Court for the
      v.                           *   Eastern District of Arkansas.
                                   *
Susan H. McDougal,                 *
                                   *
      Appellant.                   *
                                   *
```

_____

Submitted:  October 3, 1996

Filed:  October 9, 1996
_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.
_____

LOKEN, Circuit Judge.

Susan H. McDougal appeals a district court[1] order holding her in contempt for refusing to testify before a federal grand jury under an appropriate grant of use immunity.  See 28 U.S.C. §§ 1826(a), 6002.  She alleges violations of her rights under the Fifth and Sixth Amendments to the United States Constitution.  We affirm the district court's contempt order.

On May 28, 1996, a jury found McDougal guilty of mail fraud, misapplication of small business investment company funds,

_____

[1]The HONORABLE SUSAN WEBBER WRIGHT, United States District Judge for the Eastern District of Arkansas.

falsifying small business investment company records, and making false statements to a small business investment company, all in violation of 18 U.S.C. §§ 657, 1006, 1014, and 1341. Her appeal of that conviction and the resulting twenty-four month prison sentence is currently pending before this court.

On August 20, 1996, upon application of the Office of Independent Counsel ("OIC"), the district court subpoenaed McDougal to testify before a federal grand jury sitting in Little Rock, Arkansas. She responded with a motion to quash the subpoena, or in the alternative for a protective order. Following a September 3 hearing, the district court denied that motion and ordered:

> 1. That SUSAN H. McDOUGAL shall provide testimony and other information as to all matters about which she may be interrogated before the Grand Jury;
>
> 2. That no testimony or other information compelled under this order (or any information directly or indirectly derived from such testimony or other information) may be used against SUSAN H. McDOUGAL in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with this order.

On September 4, McDougal appeared before the grand jury but refused to testify. On September 6, following a hearing on OIC's contempt application, the district court concluded that McDougal should be held in contempt under 28 U.S.C. § 1826(a) and ordered her detained, for no more than eighteen months, "until such time as she agrees to testify, her testimony is no longer necessary, or the term of the Grand Jury, including extensions, has expired."[2]

_____

[2]Section 1826(a) provides in relevant part:

> (a) Whenever a witness in any proceeding before or ancillary to any court or grand jury of the United States refuses without just cause shown to comply with an order of the court to testify or provide other information . . . the court . . . may summarily order [her]

confinement at a suitable place until such time as the witness is willing to give such testimony or provide such information. No

On September 9, McDougal filed a timely notice of appeal.  Appeals from civil contempt orders of this kind "shall be disposed of as soon as practicable, but not later than thirty days from the filing of such appeal."  28 U.S.C. § 1826(b).  On September 12, we denied McDougal's motion for a stay of incarceration pending appeal, directed the parties to serve and file simultaneous briefs on or before Monday, September 30, and scheduled oral argument for October 3 in Kansas City.  We later granted McDougal's motion to waive oral argument and submitted the case for final disposition on the briefs.[3]

## I. A SIXTH AMENDMENT ISSUE.

Consistent with longstanding federal practice, when McDougal appeared before the grand jury on September 4, her attorneys accompanied her to the door of the grand jury room, and remained available for consultations outside the grand jury room, but were not allowed to be present during her grand jury testimony.  See Fed. R. Cr. P. 6(d) (only "attorneys for the government, the witness under examination . . . and . . . a stenographer . . . may be present while the grand jury is in session"); United States v.

---

such period of confinement shall exceed . . . the term of the grand jury, including extensions . . . [and] in no event shall such confinement exceed eighteen months.

[3]On September 11, after filing this appeal, McDougal moved the district court (i) to vacate the contempt order because she will not testify and therefore her incarceration is punitive, not coercive; and (ii) to order that her incarceration for contempt be concurrent with her twenty-four month prison sentence.  After a hearing, the district court denied that motion.  OIC now moves to supplement the record on appeal with a transcript of the hearing on that motion.  Because this is arguably relevant background, we grant the motion to supplement.  However, the district court's ruling on the September 11 motion is not before us.

Levinson, 405 F.2d 971, 979-80 (6th Cir. 1968), cert. denied, 395 U.S. 958 (1969).  On appeal, McDougal argues that this violated her Sixth Amendment right to the assistance of counsel because a grand jury proceeding is a "critical stage" in the criminal process for Sixth Amendment purposes.[4]

The Supreme Court expressly rejected this argument in United States v. Mandujano, 425 U.S. 564, 581 (1976), concluding that a grand jury witness has no Sixth Amendment right to "insist upon the presence of his attorney in the grand jury room."[5]  We followed Mandujano in United States v. Brown, 666 F.2d 1196, 1198-99 (8th Cir. 1981).  Recognizing that well-settled law is against her, McDougal cites landmark Supreme Court decisions expanding the rights of criminal defendants and urges us to move the Sixth Amendment's right to counsel inside the grand jury room.  However, even if we believed that the Supreme Court is prepared to overrule Mandujano -- and we do not -- we must follow controlling Supreme Court precedent.  See Rodriguez de Quijas v. Shearson/American Exp., Inc., 490 U.S. 477, 484 (1989); Williams v. Rogers, 449 F.2d 513, 520 (8th Cir. 1971), cert. denied, 405 U.S. 926 (1972).  Mandujano held that the Sixth Amendment does not apply to a witness's grand jury testimony, and we are bound by that decision.

In United States v. Schwimmer, 882 F.2d 22, 27 (2nd Cir. 1989), cert. denied, 493 U.S. 1071 (1990), a criminal defendant

_____

[4]In a prepared statement McDougal read at the contempt hearing, she argued:  "To make me answer clever lawyer's questions put by an adversarial lawyer without the guiding hand of my counsel is unfair, it's unethical, and it's unconstitutional."

[5]Chief Justice Burger's opinion in Mandujano was joined by a plurality of four of the eight participating Justices.  However, only two Justices argued that the Sixth Amendment should apply to the witness's grand jury testimony, and those two Justices did not criticize the practice of requiring counsel to wait outside the grand jury room during the witness's testimony.  See 425 U.S. at 606-08 (Brennan, J., concurring).

sought to distinguish Mandujano because, like McDougal, he was subpoenaed to testify before the grand jury while his appeal from a criminal conviction was pending. However, the Second Circuit rejected the contention that the Sixth Amendment right to counsel on his pending appeal gave the witness a right to have counsel present during his grand jury testimony:

> Schwimmer's arguments overlook the fact that . . . he has been granted use immunity . . . in exchange for his testimony. Thus, the rationale of Kastigar [v.United States, 406 U.S. 441 (1972),] completely answers appellant's constitutional objections: no valid constitutional objection lies so long as the government cannot use the compelled testimony against Schwimmer in any fashion. Accordingly, a defendant's right to counsel when a grand jury appearance is at issue extends only to the right to consult counsel outside the grand jury room.

Assuming without deciding that McDougal's Sixth Amendment right to counsel on appeal provides some protection regarding her testimony before the grand jury, we agree with Schwimmer that counsel's presence in the grand jury room is not constitutionally required.

## II. A FIFTH AMENDMENT ISSUE.

The district court ordered McDougal to testify under the broad grant of use immunity prescribed in 18 U.S.C. § 6002. That immunity "is coextensive with the scope of the [Fifth Amendment's] privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of privilege." Kastigar v. United States, 406 U.S. 441, 453 (1972). McDougal nonetheless argues that the district court violated her Fifth Amendment privilege against self-incrimination because the court's immunity order left open the possibility that she may be prosecuted for committing perjury before the grand jury. Since she would face no such adverse consequences if allowed to remain silent, McDougal argues, the grant of immunity impermissibly leaves her worse off than if she exercises her Fifth Amendment privilege and remains silent.

-5-

Once again, McDougal's argument is foreclosed by controlling Supreme Court precedent. When called before a grand jury, every citizen is bound to divulge whatever information he or she possesses but retains the protection of the Fifth Amendment's privilege against self-incrimination. "Immunity is the Government's ultimate tool for securing testimony that otherwise would be protected [by the Fifth Amendment] . . . . [W]hen granted immunity, a witness once again owes the obligation imposed upon all citizens -- the duty to give testimony -- since immunity substitutes for the privilege." <u>Mandujano</u>, 425 U.S. at 576. In a subsequent case, the Supreme Court squarely rejected McDougal's contention: "it is . . . analytically incorrect to equate the benefits of remaining silent as a result of invocation of the Fifth Amendment privilege with the protections conferred by the privilege . . . . For a grant of immunity to provide protection `coextensive' with that of the Fifth Amendment, it need not treat the witness as if [she] had remained silent." <u>United States v. Apfelbaum</u>, 445 U.S. 115, 127 (1980).

In her statement at the contempt hearing, McDougal complained that she has a particularly well-founded fear that truthful testimony to the grand jury will subject her to a perjury prosecution. "Because I believe that my truthful answers to the grand jury's inquiries would be inconsistent with the testimony and statements of others and/or inconsistent with the independent counsel's view of those facts," McDougal explained, "it is my belief that my answers would and could be used against me in future criminal prosecution." However, the Eleventh Circuit rejected this argument because it "would provide practically all potential grand jury witnesses with a foolproof escape from testifying simply by claiming that the grand jury or a prosecutor might disagree with their version of the truth" and charge them with perjury. <u>In re Grand Jury Proceedings</u>, 819 F.2d 981, 983 (11th Cir. 1987). And the First Circuit rejected a similar argument because "a witness cannot refuse to testify simply because he believes, no matter how

fervently, that his perception of the truth differs from that of the grand jury and that his perception is the correct one. Such a proposition would frustrate completely the investigative function of the grand jury . . . ." In re Poutre, 602 F.2d 1004, 1005 (1st Cir. 1979). Thus, the district court correctly concluded that McDougal's Fifth Amendment contention is contrary to governing law.

### III. PUBLIC PROCEEDINGS ISSUES.

**A.** McDougal urged the district court to grant her a fully public hearing on OIC's application to hold her in civil contempt. Consistent with Federal Rule of Criminal Procedure 6(e), the court ruled that any testimony or argument that would disclose the substance of the secret grand jury proceedings must be submitted *in camera*, but the remainder of the hearing would be conducted in open court. In the hearing that followed, McDougal read her statement criticizing the motives and prior conduct of OIC attorneys in open court. Thus, the principal effect of this ruling was to keep *in camera* the specific questions McDougal was asked and refused to answer in the grand jury room.

On appeal, McDougal contends that the district court's ruling violated her right under the Public Trial Clause of the Sixth Amendment as construed in In re Oliver, 333 U.S. 257 (1948). Initially, we note that both the Sixth Amendment and In re Oliver concern the rights of criminal defendants, whereas McDougal has been held in civil contempt. This is a key distinction -- McDougal has not been irretrievably deprived of her liberty; she may end her incarceration at any time simply by agreeing to testify. "Because civil contempt sanctions are viewed as nonpunitive and avoidable, fewer procedural protections for such sanctions have been required." International Union, United Mine Workers v. Bagwell, 114 S. Ct. 2552, 2559 (1994).

McDougal correctly asserts that many interests implicated in criminal contempt proceedings are also present here, including "the need to assure accountability in the exercise of judicial and governmental power, the preservation of the appearance of fairness, and the enhancement of the public's confidence in the judicial system."  In re Rosahn, 671 F.2d 690, 697 (2nd Cir. 1982).  Balancing the considerations favoring public civil contempt hearings against the well-recognized need for grand jury secrecy,[6] both the Second Circuit in Rosahn and the Third Circuit in In re Grand Jury Matter, 906 F.2d 78, 86-87 (3rd Cir. 1990), have concluded that civil contempt proceedings of this kind should be closed to the public only when substantive grand jury matters are being disclosed.  In our view, these decisions are consistent with the Supreme Court's discussion of the issue in Levine v. United States, 362 U.S. 610, 618 (1960):

> Petitioner had no right to have the general public present while the grand jury's questions were being read. . . .  Having refused to answer each question in turn, and having resolved not to answer at all, petitioner then might well have insisted that, as summary punishment was to be imposed, the courtroom be opened so that the act of contempt, that is, his definitive refusal to comply with the court's direction to answer the previously propounded questions, and the consequent adjudication and sentence might occur in public.

We conclude the district court did not abuse its discretion in adopting the above approach in this case.  The district court expressly advised McDougal that federal law does not prohibit a grand jury witness from publicly disclosing grand jury proceedings to which the witness has been privy, and the record reflects that McDougal has extensively exercised that prerogative.  The only restriction the district court placed on that freedom was to

---

[6]The Supreme Court has repeatedly cautioned that the "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity."  United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958) (quotation omitted).

prevent the public portion of these contempt proceedings from violating the grand jury secrecy precepts of Rule 6(e). In so ruling, the court correctly balanced the interests of the grand jury, witness McDougal, and the public.

**B.** When this appeal commenced, we directed that all materials be filed under seal, consistent with Eighth Circuit policy regarding on-going grand jury matters. On September 20, OIC moved that any oral argument be open to the public and that our file be unsealed, except for those portions which contain *in camera* proceedings in the district court. Consistent with her argument on appeal, McDougal responded that our entire file should be unsealed.

We grant OIC's motion for the reasons stated in upholding the district court's ruling on this issue. We direct OIC, working with our Clerk of Court, to substitute for our current sealed file a public file, redacted to exclude portions of the record that disclose substantive grand jury proceedings, supplemented by a filing under seal that contains all redacted portions of the briefs and record on appeal. After an unsealed public file has been created in this fashion, counsel for McDougal may challenge by motion OIC's decision as to the portions of our file which should remain under seal.

The order of the district court is affirmed.

A true copy.

        Attest:

                CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.