# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2524

_____

United States of America,         \*
                                      \*

       Plaintiff-Appellee,    \*
                                      \*   Appeal from the United States

v.                          \*   District Court for the
                                      \*   Eastern District of Arkansas.

Susan H. McDougal,         \*
                                      \*

       Defendant-Appellant.   \*

_____

Submitted: January 15, 2009
Filed:  March 20, 2009

_____

Before MURPHY and SMITH, Circuit Judges, and LIMBAUGH,[1] District Judge.

_____

MURPHY, Circuit Judge.

Susan H. McDougal filed a motion seeking to lift the seal on records from her civil contempt proceeding in which she was charged with refusing to testify before the Whitewater grand jury.  After determining that McDougal failed to make the showing required by Federal Rule of Criminal Procedure 6(e) and that neither the common law

_____

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

right of access to court proceedings nor the court's supervisory power over judicial records cured this deficiency, the district court[2] denied the motion. We affirm.

Kenneth W. Starr was appointed Independent Counsel on August 5, 1994 to conduct an investigation into the business venture known as the Whitewater Development Corporation. On August 17, 1995, a federal grand jury sitting in Little Rock indicted McDougal, her former husband James B. McDougal, and Governor Jim Guy Tucker on charges that included conspiracy, mail and wire fraud, and bank fraud. A jury found McDougal guilty of four felony counts on May 28, 1996, and she was subsequently sentenced to twenty four months imprisonment.[3]

At McDougal's sentencing hearing on August 20, 1996, the Office of Independent Counsel (OIC) served her with a subpoena directing her to testify before the Whitewater grand jury on September 4 and 5. McDougal filed a motion to quash the grand jury subpoena or in the alternative for a protective order, and the district court held a hearing on the motion on September 3, 1996. After issuing an immunity order pursuant to 18 U.S.C. § 6002, the district court[4] denied the motion to quash and ordered McDougal to testify.

McDougal appeared before the grand jury on September 4, 1996, but refused to testify. OIC moved the district court to find her in contempt, and the district court held a hearing on the same day. During the hearing the court ruled that evidence concerning substantive matters before the grand jury must be submitted in camera but

---

[2]The Honorable Pasco M. Bowman, United States Circuit Judge, sitting by designation.

[3]Her felony convictions were affirmed in February 1998. United States v. McDougal, 137 F.3d 547, 560 (8th Cir. 1998).

[4]The Honorable Susan W. Wright, United States District Judge for the Eastern District of Arkansas.

that the remainder of the proceeding would be conducted in public. At the conclusion of the hearing, the district court held McDougal in civil contempt pursuant to 28 U.S.C. § 1826. The contempt order and the district court's sealing order were affirmed on appeal, In re Grand Jury Subpoena, 97 F.3d 1090, 1092 (8th Cir. 1996), at which point this court issued a similar sealing order. See id. at 1095 ("We direct OIC, working with our Clerk of Court, to substitute for our current sealed file a public file, redacted to exclude portions of the record that disclose substantive grand jury proceedings, supplemented by a filing under seal that contains all redacted portions of the briefs and record on appeal.").

McDougal was incarcerated for eighteen months, the maximum period allowed by statute for civil contempt. 28 U.S.C. § 1826(a). Following her release, McDougal began serving the twenty four month sentence for her 1996 felony convictions. While McDougal was incarcerated, she was again ordered by the OIC to appear before the Whitewater grand jury. McDougal again refused to answer questions, this time citing concerns with Starr and the OIC. Thereafter she was indicted for obstruction of justice and two counts of criminal contempt (one count for refusing to testify in 1996, the second count for refusing to testify in 1998). The jury acquitted her of obstructing justice but deadlocked on both contempt counts, which were then dismissed by the government.

On January 29, 2008, McDougal moved the district court "to lift the seal placed on the record in this case." She relied primarily on the common law right of access to court proceedings and records, as well as the court's supervisory power over its own records and files. As the district court noted, the motion was not clear as to which case McDougal was referring. Part of the record in the criminal contempt trial and part or all of the record in the civil contempt proceeding are under seal. McDougal's motion and brief in support were filed under the case number associated with her 1998 criminal contempt trial, but the text of her submissions suggested that her motion was directed at the 1996 civil contempt proceeding which she has confirmed on appeal.

The district court determined that "[t]here is no need to divine which testimony or argument McDougal wants unsealed," for a proper showing had not been made for the disclosure of any sealed materials. The court concluded that McDougal had failed to satisfy the requirements for disclosure of grand jury material because she had neither identified an exception to Rule 6(e) which would authorize the requested disclosure nor made a showing of particularized need for grand jury materials. The district court also concluded that McDougal's arguments based on the common law right of access and the court's supervisory power were inapplicable to secret grand jury proceedings. We review for an abuse of discretion the district court's denial of a motion to unseal documents that might disclose matters occurring before a grand jury. United States v. Broyles, 37 F.3d 1314, 1318 (8th Cir. 1994).

McDougal's argument invoking "the common law right of access to court proceedings and records" and the "[c]ourt's supervisory power over its own records and files" is unpersuasive. Although there is "a general right to inspect and copy public records and documents, including judicial records and documents," Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted), "there is no common law right of access to grand jury materials." United States v. Smith, 123 F.3d 140, 156 (3d Cir. 1997). Moreover, "[b]ecause the grand jury is an institution separate from the courts, over whose functioning the courts do not preside," United States v. Williams, 504 U.S. 36, 47 (1992), courts will not order disclosure absent a recognized exception to Rule 6(e) or a valid challenge to the original sealing order or its implementation. Cf. id. at 49-50.

It has long been recognized that "the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." Douglas Oil Co. of Cal. v. Petrol Stops Northwest, 441 U.S. 211, 218 (1979). This principle is reflected in Rule 6(e) which establishes a "general rule of confidentiality for all matters occurring before the grand jury." Smith, 123 F.3d at 148 (quotation marks omitted). As Rule 6(e) makes clear, "the secrecy of grand jury proceedings also extends to collateral

proceedings," which might reveal matters occurring before a grand jury. In re Newark Morning Ledger Co., 260 F.3d 217, 222 (3d Cir. 2001). Rule 6(e)(5) provides, for instance, that "[s]ubject to any right to an open hearing in a contempt proceeding, the court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before a grand jury." Similarly, Rule 6(e)(6) provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."

Despite the general rule of grand jury secrecy, Rule 6(e)(3)(E) identifies certain circumstances under which "[t]he court may authorize disclosure . . . of a grand jury matter." One permits disclosure "in connection with a judicial proceeding," Fed. R. Crim. P. 6(e)(3)(E)(i), another involves "a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," Fed. R. Crim. P. 6(e)(3)(E)(ii), and three concern requests from the government, Fed. R. Crim. P. 6(e)(3)(E)(iii)-(v). A request for disclosure that falls under one of these specified exceptions must also contain a "showing of particularized need for grand jury materials" before disclosure becomes appropriate. Cf. United States v. Sells Eng'g, Inc., 463 U.S. 418, 443 (1983). In order to demonstrate a "particularized need," a party must show that the request for disclosure is: (1) required to avoid possible injustice in a different judicial proceeding, (2) greater than the need for continued secrecy, and (3) specifically directed at the material required. In re Grand Jury Proceedings Relative to Perl, 838 F.2d 304, 306 (8th Cir. 1988) (citing Douglas Oil, 441 U.S. at 222).

We agree with the district court that McDougal's motion failed to satisfy these requirements. McDougal did not argue that one of the recognized exceptions to the grand jury secrecy requirement authorized disclosure. Nor did McDougal make any showing of particularized need for grand jury materials. Although McDougal's appellate brief and argument suggest that her request for access was motivated by a

desire to recount in a screenplay or novel Starr's allegedly coercive tactics in the Whitewater investigation, she did not mention this in the district court. Instead, McDougal argued that the record of her civil contempt proceeding should be unsealed because "[t]he reasons for sealing the record have now grown stale and disappeared." Although the interest in grand jury secrecy may be reduced after an investigation is completed, Douglas Oil, 441 U.S. at 222, there is no provision in Rule 6(e) specifically authorizing disclosure at the conclusion of the proceedings.

Absent a contention that her request fell under one of the enumerated exceptions to the grand jury secrecy requirement, McDougal was required to establish that the materials sought were sealed in error. Cf. Smith, 123 F.3d at 149-51. McDougal could have filed a motion challenging the original sealing orders (or their implementation by the clerk of court) as overbroad if any of the sealed material could not properly be classified as grand jury material or as material "relat[ing] to grand jury proceedings within the meaning of Rule 6(e)(5) and 6(e)(6)." Id. at 150 (quotation marks omitted); see also Perl, 838 F.2d at 306 ("The policy of secrecy surrounding grand jury proceedings . . . is not absolute. It is designed to protect from disclosure only the essence of what takes place in the grand jury room, in order to preserve the freedom and integrity of the deliberative process.").

McDougal claims that the clerk of court has sealed the entire file, or at least more than Judge Wright or this court ordered. Based on the record it appears that neither the district court nor this court intended to seal the entire record related to the civil contempt proceeding. The sealed docket for Whitewater grand jury case number 96-0003 designates relatively few documents as "under seal" or "sealed." Instead, the majority lack a designation or are classified as "public access." It nevertheless appears that all or at least most of the documents have been placed under seal. McDougal did not, however, request the district court to undertake an in camera review of the sealed record to determine if any materials were sealed in error and should be made

accessible or if all must remain under seal. That would have been the appropriate place to initiate such a request rather than in the court of appeals.

Accordingly, the order of the district court is affirmed.

_____