JORDAN, Circuit Judge, concurring:
Three decades ago, we held that a federal court has inherent authority to order the disclosure of grand jury materials in situations not covered by the exceptions to secrecy set forth in Federal Rule of Criminal Procedure 6(e). See In re Petition to Inspect & Copy Grand Jury Materials (Hastings) , 735 F.2d 1261, 1268 (11th Cir. 1984) (setting out an "exceptional circumstances" standard). I would have decided Hastings differently because allowing the use of inherent authority to go beyond the exceptions to grand jury secrecy set forth in Rule 6(e) seems too open-ended to me. See Carlson v. United States , 837 F.3d 753, 767-71 (7th Cir. 2016) (Sykes, J., dissenting).
Nevertheless, I join the court's opinion. Given our decision in Hastings , I do not see how we can say that the district court abused its discretion in relying on its inherent authority. In addition, I do not believe there is a persuasive basis to distinguish between the disclosure of grand jury materials for use by a judicial investigating committee (what was at issue in Hastings ) and the disclosure of grand jury materials to discover the facts surrounding an event of exceptional historical significance (what is at issue here).
* * * * *
If we are going to deny disclosure here, we need to overrule Hastings , rather than attempt to distinguish it. My initial view, following oral argument, was that we should consider convening en banc to revisit Hastings . Upon further reflection, however, I have come to a different conclusion, and I'd like to explain why.
First, Hastings does not stand alone. Other federal courts have likewise invoked inherent authority to permit disclosure of grand jury materials in circumstances not covered by Rule 6(e). See Carlson v. United States , 837 F.3d 753, 763-66 (7th Cir. 2016) ; In re Grand Jury Proceedings , 417 F.3d 18, 26 (1st Cir. 2005) ; In re Craig , 131 F.3d 99, 103 (2d Cir. 1997) ; In re Petition of Kutler , 800 F.Supp.2d 42, 48 (D.C. Cir. 2011). Cf. Haldeman v. Sirica , 501 F.2d 714, 715 (D.C. Cir. 1974) (en banc) (denying mandamus relief sought by the government to prevent the district court from disclosing to the House Judiciary Committee, post-indictment, a sealed grand jury report and accompanying evidence, while *714 indicating "general agreement" with the district court's handling of the matter). And at least one court has left the door open to the use of inherent authority for disclosure in dicta. See In re Special Grand Jury 89-2 , 450 F.3d 1159, 1178 (10th Cir. 2006).
No federal court, as far as I can tell, has come to a contrary conclusion in a published opinion. The Eighth Circuit has said that "courts will not order disclosure [of grand jury materials] absent a recognized exception to Rule 6(e) or a valid challenge to the original sealing order or its implementation," United States v. McDougal , 559 F.3d 837, 840 (8th Cir. 2009), but it was not faced in that case with an argument for disclosure under inherent authority for matters of exceptional historical significance. Given the current array of authority, we would likely be creating a circuit split by overruling Hastings , and that should not be done lightly.
Second, whatever the initial reasons for keeping grand jury matters secret, compare George Edwards, Jr., The Grand Jury 116 (1906) [Legal Classics Library ed. 2003] (suggesting that the "original purpose [of grand jury secrecy] was that no offender should escape"), with Mark Kadish, Behind the Locked Doors of an American Grand Jury: Its History, its Secrecy, and its Process , 24 Fl. St. U. L. Rev. 1, 14 (1996) (explaining that the reasons for grand jury secrecy were varied, and included preventing the flight of suspected criminals, finding out whether witnesses were biased, and ensuring freedom from judicial oversight), in the United States grand jury secrecy was not always seen as an absolute. In cases decided before the enactment of the Federal Rules of Criminal Procedure, some federal courts-including the Supreme Court-held (or at least said) that secrecy is not required after an indictment is returned and the accused is in custody. "[A]fter the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." United States v. Socony-Vacuum Oil Co. , 310 U.S. 150, 234, 60 S.Ct. 811, 84 L.Ed. 1129 (1940). Accord Metzler v. United States , 64 F.2d 203, 206 (9th Cir. 1933) ; Atwell v. United States , 162 F. 97, 99-100 (4th Cir. 1908) ; In re Grand Jury Proceedings , 4 F.Supp. 283, 284-85 (E.D. Pa. 1933).
If Rule 6(e) was meant to "continue[ ] the traditional practice of secrecy on the part of members of the grand jury except when the court permits a disclosure," Rule 6(e), 1944 Advisory Committee Notes to Subdivision (e), there is a reasonable argument that Hastings and its progeny are at least consistent with historical practice. As we have said: "Although Rule 6(e)(3) enumerates the exceptions to the traditional rule of grand jury secrecy, the Supreme Court and this Court have recognized that the district courts have inherent power beyond the literal wording of Rule 6(e)(3) to disclose grand jury material and that Rule 6(e)(3) is but declaratory of that authority." United States v. Aisenberg , 358 F.3d 1327, 1347 (11th Cir. 2004). See also In re Request for Access to Grand Jury Materials , 833 F.2d 1438, 1442 (11th Cir. 1987) ("As the considerations justifying secrecy become less relevant, the burden of showing the need for disclosure is lessened.").
Third, a survey of the relevant cases indicates that federal courts have been able to apply the test set forth in In re Craig , 131 F.3d at 106, without too much difficulty in determining which matters of exceptional historical significance warrant the disclosure of grand jury materials. See, e.g., In re Application to Unseal Dockets , 308 F.Supp.3d 314, 326-35 (D.D.C. 2018) ; In re Nichter , 949 F.Supp.2d 205, 212-14 (D.D.C. 2013). These courts have explained *715 that exceptional historical significance, though a necessary element for disclosure, is itself not enough. Even if a matter or proceeding is historically significant to an exceptional degree, a court retains discretion to deny disclosure after balancing the requisite factors. See, e.g., In re Nichter , 949 F.Supp.2d at 212-14.
Fourth, and perhaps most importantly, a recent attempt to amend Rule 6(e) to permit the disclosure of grand jury records in cases of exceptional historical significance proved unsuccessful. The reason why this proposed amendment failed is insightful, and in my view counsels against revisiting Hastings at this time.
In 2011, Attorney General Eric Holder recommended that Rule 6(e) be amended to establish procedures for disclosing historically significant grand jury materials. See Letter from Attorney General Eric Holder to Judge Reena Raggi, Chair of the Judicial Conference's Advisory Committee on Criminal Rules, Oct. 18, 2011 (attached). The Department of Justice questioned whether federal courts had inherent authority to allow such disclosures given what it believed was Rule 6(e) 's clear prohibition of disclosure of grand jury materials absent an express exception. See id. at 2-5. Attorney General Holder proposed that disclosure of historically significant grand jury materials be permitted, but only under new procedures set forth in Rule 6(e) itself. The procedures suggested by the DOJ would have required anyone seeking disclosure to show, among other things, that the grand jury records in question have "exceptional" historical significance, that at least 30 years have passed since the relevant case files associated with the grand jury records were closed, that no living person would be materially prejudiced by disclosure, and that disclosure would not impede any pending government investigation or prosecution. See id. at 8-9.
The Judicial Conference's Advisory Committee on Criminal Rules, then chaired by Second Circuit Judge Reena Raggi, reported in 2012 to the Committee on Rules of Practice and Procedure that it believed that the DOJ's proposed amendment to Rule 6(e) was unnecessary. See Minutes of Meeting of June 11-12, 2012, Judicial Conference Committee on Rules of Practice and Procedure, at 44 (relevant pages attached). According to Judge Raggi, all members of a subcommittee of the Advisory Committee on Criminal Rules-with the exception of the DOJ representative-recommended that the DOJ's proposed amendment "not be pursued" because "in the rare cases where disclosure of historic materials had been sought, the district [courts] acted reasonably in referring to their inherent authority," and as a result "there [wa]s no need for a rule on the subject." Id.
What happened (or, more accurately, did not happen) in 2012 is not, of course, dispositive. But it is instructive. If those charged with considering amendments to the Federal Rules of Criminal Procedure believed in 2012 that federal courts had properly relied on inherent authority to order the disclosure of historically significant grand jury materials, the case for overruling Hastings is lessened.
* * * * *
With these thoughts, I join the court's opinion.